Nash, C. J.
 

 The petition is filed by the administrator of Edwin Jones, to ascertain who are his next of kin, and in what proportions they are entitled under the acts of distributions, to the surplus of the property remaining after the payment of the debts of his intestate.
 

 In 1801, Catharine Jones, a single woman, was delivered of a bastard child named Edwin Jones, who subsequently married and died in January, 1851, leaving no child or the issue of such, but a widow, who is now the wife of the defendant Starling, herself one of the defendants. Catherine Jones, in the year 1804 or 5, married one Simon Lunsford, who lived with her four or five years, and then left her, and removed from this State to parts unknown, and has never since been heard of.— About the year 1824, Catharine Jones, as she still continued to be called, had another child, called Henderson Jones, who died in 1845, leaving a widow and one legitimate child, who is the defendant Catharine Elizabeth. Starling, in right of his wife claims, as stated in the petition, the whole of the personal property, and Catharine Elizabeth claims two-thirds. We are of opinion that the defendant Starling, in right of his wife, is entitled to one-third of the assets in the hands ,of the administrator of Edwin J ones, and Catharine Elizabeth to the other two shares.
 

 In 1836, the Legislature of this State, by an act then passed, provided that, “ when any citizen of this State, shall die intestate, &c., leaving a widow and no kindred, that are known to exist, &c., the widow shall be entitled to the whole
 
 *245
 
 of the personal property of her husband.” This act -was originally passed,.in 1823-81, (Roy. St. ch. 121, s. 15) and under its operation,Jthe claim of Starling in right of his wife, would have been correct. Edwin Jones was a bastard, and by the common law, no such consanguinity existed between him and his bastard brother, as enabled the latter, or his issue, to claim any portion of his estate real or personal. A bastard can be heir to no one, nor can he have any heirs, but of his own body; for being
 
 fiUus
 
 nullmis, he is kin to no one. 1st Blackstone Com. 459. Henderson Jones was himself a bastard.— Children born during a' lawful marriage are presumed to be legitimate — but this presumption may be rebutted by proof of illegitimacy. Formerly, the rule in favor of legitimacy was so strict, that nothing but the absence of the husband from the country, during the whole time of gestation, would counteract the principle. But the rule now is firmly established, that any circumstances which show an impossibility that the husband could be the father, will put an end to the presumption, and the child will be deemed illegitimate. These circumstances are, the husband’s being under the age of puberty, or laboring under disability occassioned by natural infirmity, or
 
 bylmgtlv of the Ume since his
 
 death,
 
 or from Ids continued
 
 absence.— Rex v. Lueee, 8th East 193 -1st Phil. Ev. 158. Catharine Jones, the mother of Henderson Jones, was duly married to Lunsford in 1804 or 5, who left her and the State in 1808 or 9, and Henderson Jones was born in 1824 — which was fifteen or sixteen years after all access of Lunsford to his wife could have taken place, and eight or nine years after being heard of last: which raised in law a presumption of his death. Henderson Jones then was the illegitimate brother of Edwin Jones, by the same mother — and under the common law was not of kin to his brother Edwin, and under the acts of 1823-. 31, the defendant Mrs. Starling, would have been entitled to. the whole of the surplus of the personal property of her late husband Edwin Jones.
 

 
 *246
 
 But at the session of the Legislature in 1§36, another act was passed, by which it is provided,. “ if any such illegitimate or natural born child shall die intestate^without having any child or children, his or her personal estate shall be divided among his or her brothers or sisters born of the same mother and their representatives, in the same manner, and under the same regulations and restrictions, as if they had been born in lawful wedlock,” Rev. Stat. ch. 64, s. 4. This act recognizes the consanguinity between bastards, and establishes their rights under certain circumstances to the succession to personal property. The defendant, Mrs. Starling, is not entitled to the whole of the surplus of the personal property of her deceased husband, for the defendant, Catharine Elizabeth is the daughter of his half brother by the same mother, but he is entitled, under the general act of distribution, to one-third, and Catharine Elizabeth is entitled to the other two-thirds.
 

 Decree accordingly. The costs to be paid out of the fund-.
 

 Pee CuRiAivi. Decree accordingly..