Battle, J.
 

 When this case was before us on a demurrer at December Term, 1856, (see ante 21,) it was held that the plaintiff was entitled to the share which accrued to the mother as one of the survivors upon the deatli of Elizabeth Priest, intestate and without issue. The question whether the plaintiff is entitled to the original share given to his mother by her father’s will, and which was there said would bean interesting question of construction, is now presented to us by the pleadings which followed the over-ruling of the demurrer.
 

 Upon a fair construction of the will of Angus Priest, and the operation of the 4th section of the 64th chapter of the Rev. Statutes, (see also Rev. Code, ch. 64, sec. 5,) we are satisfied (hat the plaintiff’s claim
 
 to
 
 the original share of his mother, is as well founded as it is to her accrued share.
 

 The property given by the will to the testator’s son and three daughters, is given to them absolutely, but with an executory bequest over to the survivors upon the death of either, intestate and without heirs of his or her own body. The expression without heirs of their own body, manifestly means without issue or children. Now, it is clear that, if the plaintiff had been legitimate, his mother’s portion would not have been subject to the limitation over to the surviving
 
 *386
 
 brother and sister, but would have remained her absolute property, and, of course, would have devolved upon her personal representative, and then have gone to the plaintiff as her next of kin. But, being illegitimate, he could not at common law have been regarded as the heir of her body, that is, her issue or child, and she would have been deemed to have died without any such heir, issue, or child.
 

 This rule of the common law has been altered by the section and chapter of the Eev. Statutes, to which we have referred, and which was taken from the act of 1799, (ch. 522, of the Rev. Code of 1820.) The effect of that act has been to legitimate the plaintiff as to his mother, and to make him, in law, the heir of her own body, or her issue or child. See
 
 Kimbrough
 
 v.
 
 Davis,
 
 1 Dev. Eq. 71;
 
 Coor
 
 v. Starling, 1 Jones’ Eq. Rep. 243. This operation of the law seems to be in accordance with the intention of the testator, who, in his will, recognizes the plaintiff as his grand-son, and after using the words “without heirs of their own body,” in connection with the death of one or more of the legatees, limits the property to the “surviving ones of them alone, or
 
 their legitimate heirs.”
 
 He thus seems to have understood the meaning of the term “legitimate,” and if the plaintiff’s mother had died before, instead of after her sister Elizabeth, it might have excluded him from the succession to the share of the said Elizabeth, limited to his mother, or her “legitimate heir.”
 

 The ante-nuptial marriage settlement made between the plaintiff’s mother and her husband, Daniel Lytch, had the effect to secure the property in question to her sole and separate use, and he sets up no claim to if; the consequence is that the plaintiff, as the administrator of his mother, is entitled to the said property, and to all the necessary accounts from the parties who'have the possession of it; and a decree to that effect may be drawn, and the cause will be retained for further directions upon the coming in of the report.
 

 Pee CueiaM, Decree accordingly.