OLLIN SULLIVAN et al. v. H. E. PARKER et al.

*Construction of Will—Intent of Testator—Devise to Illegitimate Children.*

Although, by the rigid rule of testamentary interpretation, the word "children" includes only "legitimate children," yet, where a will, considered in connection with surrounding circumstances, indicates that the illegitimate children of a person named shall partake of a limitation over to "all the children" of such person, the rule will be relaxed and effect given to such intention, so as to include not only illegitimate children of such given person living at the death of the testatrix, but also those living at the death of the person named when the limitation over takes effect.

Petition for partition, transferred, after issue joined before the Clerk, to the Superior Court, and heard before *Bryan, J.,* at August Term, 1893, of DUPLIN Superior Court, upon a case agreed, as follows:

"1. That Ann Garvey, at the time of her death, was seized in fee simple and in possession of the following described tract or parcel of land in North Carolina, Duplin County and Kenansville township (here follows description), containing 135 acres, more or less, which said land passed under the third item of the will of Ann Garvey, and which said will was executed on the 2d day of August, 1872, and duly probated and recorded on the 7th day of September, 1872.

"2. That said Ann Garvey died between the 2d day of August, 1872, and the 7th day of September, 1872; that at

the time of the execution of her will she was living in a house on the said lands with her daughter, Martha J. Bostick, who was living there with one Samuel T. Bostick, under the relations hereinafter set out.

"3. That at the time of the execution of the said will the defendant Charity C. Bostick (now Parker) and her brother, H. T. Bostick, and all the plaintiffs except Dorotha W. Bostick and Marshall E. Bostick, were born and alive; that the plaintiffs, excepting O. L. Sullivan, the husband of one, are the offspring of the said Martha J. Bostick by the said S. T. Bostick.

"4. That about the year 1854 the said S. T. Bostick duly intermarried in the county of Duplin with one Barbara Merritt, with whom he lived for about a year, when she left him and resided in the county of New Hanover the greater part of the time till 1885, but resided part of the time in Charleston, S. C.; that S. T. Bostick never saw the said Barbara after she left him, but all the while had information that she was residing sometimes in New Hanover County and sometimes in Charleston, S. C.; that about the year 1885 or 1886 the said Barbara came back to the county of Duplin and died here, about the year 1889 or 1890, in the poor-house; that no divorce was ever granted between the said S. T. Bostick and Barbara Bostick, so far as the records of this county show.

"5. That about the year 1859 the said Martha Jane (Garvey) duly intermarried in Duplin County with one Joseph Bostick, by whom she had two children — the defendant Charity C. Parker and one H. T. Bostick, now living in the State of Georgia; that said Joseph Bostick died in the Confederate army about the year 1862.

"6. That in March, 1866, in the county of Duplin, a Justice of the Peace, having a license for the purpose, went through the legal form of solemnizing a marriage between the said S. T. Bostick and the said Martha J. Bostick.

"7. That the said S. T. Bostick and Martha J. Bostick lived together under these relations until the death of Martha J. Bostick in November, 1881; that about the year 1868 the said S. T. Bostick was convicted of fornication and adultery in living with the said Martha Jane Bostick."

The pertinent item of the will of Ann Garvey is set out in the opinion of Associate Justice BURWELL.

His Honor Bryan, J., held that the illegitimate children of Martha Jane Bostick (those born after the death of the testatrix and living at the death of Martha Jane, as well as those living at the death of the testatrix) were entitled to share the land with the legitimate children, and defendants appealed.

*Mr. H. R. Kornegay*, for plaintiffs.
*Messrs. A. D. Ward* and *Allen & Dortch*, for defendants (appellants).

BURWELL, J.: The third item of the will of Ann Garvey is as follows: " I will and devise all the balance of the estate of which I may die seized and possessed or to which I am lawful owner unto my daughter Martha Jane Bostick, for and during her natural life, to have, hold and enjoy the same, free from the control, management or contracts of her husband or any other person, for and during her life, and at her death to all the children of her body, share and share alike, and their heirs forever."

In *Howell* v. *Tyler*, 91 N. C, 207, Chief Justice SMITH, discussing the case of *Thompson* v. *McDonald*, 2 Dev. & Bat. Eq., 463, says: "It is not necessary to question the correctness of this rigid rule of testamentary interpretation, which seems to ignore to some extent the inquiry as to what the testator intended in using a word, since there was nothing in that case to explain the sense of the testator or to qualify the legal principle that such children have no parent and can-

not be designated by a relation they do not sustain." The "rigid rule" of which he was there speaking was that where there was a bequest to two sisters, naming them, with a limitation over if either "should die without a child or children living at her death"—the word "children" was to be understood to mean *legitimate* children. And he proceeds to say that "a more general and fundamental rule, underlying all others, is to look at the whole instrument in the light of the surrounding circumstances when it is made, and see, if we can, in what sense the testator used the word, for his intent must prevail over any legal mode of construing it where there is no antagonism."

Apply this fundamental rule to the will now before us—the words used are themselves significant—" *all* the children of her body." At the time these words were written to express the intention of the testatrix there had been born of the body of her daughter two children by a former marriage, who are the defendants and appellants, and four children, who are plaintiffs, and who were the result of that cohabitation between her and S. J. Bostick, the illegality of which is set out in the agreed facts. The testatrix, at the time she executed the will, was living in the house with her daughter and this man, towards whom that daughter stood in the relation of a wife in fact if not in law. An officer of the law, under a duly issued license, had solemnized a marriage between them. She speaks in the will of the *husband* of her daughter, evidently meaning this man, to whom she no doubt considered her daughter lawfully united. Considered in the light of the surrounding circumstances when it was made, we must conclude that there should not be applied to the interpretation of this will that rigid rule, of the correctness of which Chief Justice SMITH seems to intimate a doubt, having in mind, perhaps, what had been said by Judge BATTLE in *Fairly* v. *Priest*, 56 N. C., 383, in relation to the effect of the act (Rev. Code, ch. 64, § 5) to legitimate a child

SULLIVAN *v.* PARKER.

as to its mother, and to make offspring that at common law was cruelly called nobody's child, the heir, and in law, as in fact, the child of the mother that bore it; or to speak perhaps more accurately, the rule itself does not establish the defendants' contention, for under it the word children *prima facie* means only legitimate issue (*Kirkpatrick* v. *Rogers*, 41 N. C., 130), and here we have in the will itself, considered in connection with all the circumstances that we are allowed to call to our aid or in our search for that all important fact—the intent of the testatrix—more than enough to rebut this *prima facie* case against these plaintiffs, who were born before the death of the testatrix.

Having concluded, for the reasons stated above, that those four of the plaintiffs who were *in esse* at the death of the testatrix are entitled, notwithstanding their illegitimacy, to be considered as included in the words "all the children of her body," we think there can be found no good cause to stop short of the further conclusion that those children—the other two plaintiffs who, after the death of the testatrix, were born of that cohabitation which has been spoken of—should also be so included. The words are comprehensive—"all the children of her body." This interpretation does, then, no violence, and is consonant with reason and justice. It effectuates what we believe to have been the true intent of the testatrix.

Affirmed.