AMOS HARRELL et al. v. FRANK HAGAN et al.

(Filed 18 March, 1908).

1. Wills — Estates, When Determinable — Dying Without Lawful
Heirs.

Under a devise of an estate in fee to the daughters of the testa-
tor, after the life of the mother, determinable as to each daugh-
ter's share on her dying without leaving a "lawful heir," the
event by which each interest is to be determined must be referred,
not to the death of the devisor, but to that of the several takers
of the estate in remainder, respectively, without leaving lawful
issue.

2. Wills—Estates, When Determinable—For Life—Limitations Over.

A devise of an estate to the mother for life, and at her death
or marriage to certain named daughters, and if either or all of
said daughters die without leaving lawful heir, then to two sons,
naming them, conveys an estate to the daughters after that to the
mother has fallen in, which does not become absolute in the other
daughters on the death of one of them without leaving such heir,
but the determinable quality of each interest continues to affect
such interest until the event occurs by which it is to be deter-
mined or the estate becomes absolute.

3. Wills—Devise—Heirs—Illegitimate Children.

Under a devise of lands by the testator to his daughter, with a
limitation over, in the event she should die "without leaving a
lawful heir," the illegitimate children of the daughter, born after
the death of the testator, and surviving their mother, come within
the descriptive words of the devise and take an absolute estate
after her death.   (Revisal, ch. 30; Rule 9).

CIVIL ACTION to recover land, tried on case agreed, before *Neal, J.,* at October Term, 1907, of the Superior Court of EDGECOMBE County.

From the facts agreed it appeared that Elisha Harrell died domiciled and resident in Edgecombe County, seized and possessed of the land in controversy, and leaving him surviving his widow, Anne Eliza Harrell, and several sons and daughters; that item 2 of the will of Elisha Harrell, duly executed and admitted to probate in said county, contained the following devise: "I lend unto my wife, Anne Eliza Harrell, 290 acres of land during her natural life or widowhood; at the death or marriage of my said wife, I give and bequeath unto my four youngest children, Armitha Harrell, Opperlina Harrell, Rebecca Harrell and Louisa Harrell, the above-named 290 acres of land, known as follows: * * * And, if either or all of the above girls die without leaving a lawful heir, my will and desire is that the said lands be equally divided between my two sons, John Harrell and Jesse Harrell."

2. That during the life of the widow, Anne Eliza Harrell, the 290 acres of land were actually and equally parceled out among the four daughters mentioned in item 2 of the will, and each of said daughters was put in possession of her respective share.

3. That Anne Eliza Harrell, widow of Elisha, died on 5 March, 1903, not having remarried.

4. That Louisa Harrell, one of the four daughters mentioned in item 2 of the will, intermarried with one Richard Webb, in January, 1898, and died 12 September, 1902, intestate and without ever having had a child; that John and Jesse Harrell, mentioned in item 2 of the will, are dead, and plaintiffs are their descendants and only heirs at law; that Opperlina Harrell died domiciled in said State and county, in October, 1906, leaving two illegitimate children, who are defendants; that said Opperlina Harrell was never married and had no children at her father's death.

The action is to recover that portion of the 290 acres of land devised by item 2 of Elisha Harrell's will which was set apart to Opperlina Harrell, the plaintiffs being, as stated, the descendants and only heirs at law of John and Jesse Harrell, and defendants the illegitimate children of Opperlina.

On the facts stated, the court being of the opinion that plaintiffs were the owners of the land in controversy, judgment was entered in their favor, and defendants excepted and appealed.

*Kitchin & Allsbrook* and *G. M. T. Fountain* for plaintiffs.
*W. O. Howard* for defendants.

HOKE, J., after stating the case: The clause of the will here in question conveyed to the four daughters named an estate of remainder in fee, after the life estate of their mother, and determinable as to each holder's share on her dying without leaving a lawful heir. *Sessoms v. Sessoms,* 144 N. C., 121; *Whitfield v. Garris,* 134 N. C., 24. Under several of the more recent decisions of the Court, the event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively, without leaving a lawful heir. *Kornegay v. Morris,* 122 N. C., 199; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308. And by reason of the terms in which the contingency is expressed, "that if each or all of the girls die without leaving a lawful heir, then the land," etc., and other indications which could be referred to, the estate does not become absolute in the other daughters on the death of one of them without leaving such heir, but the determinable quality of each interest continues to affect such interest until the event occurs by which it is to be determined or the estate becomes absolute. *Galloway v. Carter,* 100 N. C., 112; *Hilliard v. Kearney,* 45 N. C., 221. The application of these authorities and their

147—8

effect on the terms of the devise are not more fully stated for the reason that, on the hearing below, the right of the respective parties to the share of Opperlina Harrell, which is the subject-matter of the present suit, was properly made to depend on the question whether the death of this devisee, leaving two illegitimate children and without ever having been married, would terminate the contingent quality of her estate and cause the same to pass by descent in absolute ownership to these children, who are defendants and in present possession of the property.

Our statute on this subject (Revisal, ch. 30; Rule 9) provides: "That when there shall be no legitimate issue every illegitimate child of the mother, and the descendants of such child deceased, shall be considered an heir, and as such shall inherit her estate." By the express words and plain import of the statute, therefore, these two children of the devisee fill the description required by the terms of the devise, "if she should die without leaving a lawful heir," and meet the condition on which their mother's estate should become absolute; and there is direct authority with us upholding this position. *Fairly v. Priest,* 56 N. C., 383. In that case it was held: "Where a testator by his will gave property to a son and three daughters, with a provision that, on the death of either of them intestate or without heirs of his or her body, his or her share should go over, it was held that the intention was not that it should go over on the death of the mother of an illegitimate child, but that the latter was entitled to his mother's share." And *Judge Battle,* delivering the opinion of the Court, speaking to this question, said: "The property given by the will to the testator's son and three daughters is given to them absolutely, but with an executory bequest over to the survivors upon the death of either intestate and without heirs of his or her own body. The expression, 'without heirs of their own body,' manifestly means without issue or children. Now, it is clear that, if the plaintiff had been legitimate, his mother's

portion would not have been subject to the limitation over to the surviving brother and sister, but would have remained her absolute property, and, of course, would have devolved upon her personal representative and then have gone to the plaintiff as her next of kin. But, being illegitimate, he could not, at common law, have been regarded as the heir of her body— that is, her issue or child—and she would have been deemed to have died without any such heir, issue or child. This rule of the common law has been altered by the section and chapter of the Revised Statutes to which we have referred, and which was taken from the act of 1799 (chapter 522 of the Revised Code of 1820). The effect of that act has been to legitimate the plaintiff as to his mother, and to make him, in law, the heir of her own body, or her issue or child. See *Kimbrough v. Davis,* 16 N. C., 71; *Coor v. Starling,* 54 N. C., 243."

We do not understand that plaintiffs urgently insist that the Court should attach any great importance to the use of the word "lawful," prefixed to "heir" in the devise. In the absence of a contrary intent clearly indicated in the will, the term does not at all mean "legitimate," but simply the person designated by law to take by descent. It is more frequently used in wills without special meaning being intended, and as a rule should not be allowed any controlling significance. Thus *Montgomery, J.,* in *Francks v. Whitaker, infra:* "The word 'lawful' may be stricken out as meaningless, for there is no such anomaly in law as an unlawful heir." And *Walker, J.,* in *Wool v. Fleetwood,* 136 N. C., 468, says: "There can be no such thing as an unlawful heir. The term 'lawful' heirs means the heirs designated by law to take from their ancestor." But the position of plaintiffs was made to rest chiefly on several decisions of this Court, notably *Rollins v. Keel,* 115 N. C., 68, and *Francks v. Whitaker,* 116 N. C., 518, in which the limitation over was expressed in terms not dissimilar to those of the present devise, and in which the words

"lawful heir," by reason of certain other provisions, were held to mean "issue" (this chiefly because the ulterior limitation was to persons who would be included among the heirs 'general of the first taker) ; and, assuming that this word "issue" is equivalent to children, the plaintiffs seek to apply to the present devise the principle, more rigidly enforced in some former decisions of the Court, that under the term "children" illegitimate children do not take unless clear indication of such intent can be gathered from the will and the condition of the parties.

We do not think this is a permissible construction from the cases cited, and for the reason, among others, that the term "issue," in *Rollins v. Keel* and in *Francks v. Whitaker,* was not used in the sense of children simply, but in its primary and more usual meaning: "An indefinite succession of lineal descendants who are to take by inheritance, and hence 'heirs of the body.' " Cyc. 23, p. 359 ; Am. and Eng. Ency. 17, p. 543 ; Underhill on Wills, sec. 669 ; *Abbol v. Essex Co., 59* U. S., 259. This being the sense in which the words were used in the decisions referred to, they bring the children of the devisee within the clear meaning of the descriptive words of the devise. Even if the word "issue" was used in the sense of children in the authorities referred to, we doubt if it would aid the plaintiffs. While the general principle for which plaintiffs contend has prevailed with us, the strictness with which this "rigid rule" of the common law was applied in some of the older cases has been commented on in later decisions, and, while the older cases have not been expressly overruled, it seems that the courts will readily extend the term "children" to include illegitimate children where such an intent can be gathered from the words of the will and the condition of the parties, and more especially when, from the operation of the statute, the illegitimate children come clearly within the descriptive words of the devise. *Sullivan v. Parker,* 113 N. C., 301 ; *Howell v. Tyler,* 91 N. C., 207 ; *Doggett v. Mosely,* 52

N. C., 592.  If the word "child" should be required from the effect of other provisions of the will, it should be considered a child which more nearly fits the language and clear import of the devise.  "If either die without lawful heir," is the language used, and if the word "child" is substituted it should be held to include any child capable of being an heir of the first taker in remainder.

It is earnestly contended by the learned counsel for plaintiffs that the decision of *Fairly v. Priest, supra,* is only authority where the illegitimate child was in existence at the making of the will, and where, from other portions of the will, it was clear that the devisor contemplated that the illegitimate child should take.  But, while these facts existed in the case cited, and are referred to in the opinion, they are only given as supporting the conclusion, which was made to rest mainly on the fact that, by the operation of the statute making the illegitimate child an heir of the mother, the claimant filled the description of the devise and came within its terms.

The decision is, we think, a direct authority sustaining the position of defendants, and should control the construction of the devise upon which their title rests.  There is error, and on the facts agreed judgment should be entered for defendants.

Reversed.