N. B. DAWSON v. G. N. ENNETT.

(Filed 23 December, 1909.)

**Wills — Estates for Life — Remainder — Living Issue — Limitations Over—Title—Contract to Convey—Specific Performance.**

An estate was devised to S. for life, and after her death and the death of the devisor, to M., and should M. die without issue, to F., said M. being now alive with no living issue, but the mother of a child long since dead. The plaintiff, having acquired and holding the estate and interest of M., and having bargained

the same to defendant at a certain contract price, brings his action to enforce the payment thereof, defendant resisting upon the ground that the plaintiff's title was not a good one. *Held*, on the death of M. without issue then living, the estate would pass under the will to F., or his heirs and assigns, and the title thus being imperfect, under plaintiff's allegations set forth in the complaint, it was no error to sustain defendant's demurrer thereto.

APPEAL from *Guion, J.,* November Term, 1909, of CRAVEN.

Civil action, heard on demurrer to complaint. There was judgment sustaining the demurrer, and plaintiff excepted and appealed.

*T. D. Warren* for plaintiff.
*Simmons, Ward & Allen* for defendant.

HOKE, J. The plaintiff, having acquired and holding the estate and interest of Marietta O'Leary in a certain piece of land in said county, bargained the same to defendant at the contract price of $400 and agreed to convey a good title. Defendant having failed to pay, the present action was instituted to recover the purchase price, and defendant resisted recovery, assigning for cause that the title offered was not a good one.

The title of plaintiff was averred to depend upon the estate and interest taken by Marietta O'Leary, as devisee, under the will of William Daniel O'Leary, deceased; and the contents of the will, and the facts relevant to the question presented, are stated in the complaint, as follows:

"1. 'I loan to my beloved wife, Sarah Ann O'Leary, at my death, all my real estate during her natural life.'

"2. 'After the death of the said Sarah Ann O'Leary, and at my death, I give and bequeath to my grandchild, Marietta O'Leary, all of the real estate and one-half of the personal estate loaned to the said Sarah Ann O'Leary during her natural life, belonging to me at my death, both real and personal, to be held by her, her heirs, executors, administrators or assigns, forever.'

"3. 'But if the within-mentioned grandchild, Marietta O'Leary, die without an issue, in that case I give and bequeath to my nephew, Francis Castex, all my real estate at my death and at the death of my wife, Sarah Ann O'Leary, to the said Francis Castex, to be held by him, his heirs, executors, administrators or assigns, forever.'

"4. Said William D. O'Leary died in 1865; said Sarah Ann O'Leary died shortly after, and said Marietta O'Leary is still living. Said Marietta O'Leary was the mother of one child, long since deceased, and said Marietta O'Leary has no living descendants."

Upon these facts, our authorities are to the effect that, under the will of *William Daniel O'Leary,* the devisee, Marietta, took an estate in fee simple, defeasible on her dying without issue living at the time of her death. *Harrell v. Hagan,* 147 N. C., 111; *Sessoms v. Sessoms,* 144 N. C., 121; *Whitfield v. Garris,* 134 N. C., 24; *Wright v. Brown,* 116 N. C., 26; *Buchanan v. Buchanan,* 99 N. C., 308; *Smith v. Brisson,* 90 N. C., 284; *Gibson v. Gibson,* 49 N. C., 425.

In the more recent case of *Harrell v. Hagan, supra,* speaking of the time to which the determination of a contingent estate of this character should ordinarily be referred, the Court said: "Under several of the more recent decisions of the Court, the event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively, without leaving a lawful heir," citing *Kornegay v. Morris,* 122 N. C., 199; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308. And the authorities referred to fully support this statement.

Applying the doctrine, the title offered by plaintiff (being that taken by Marietta O'Leary, as devisee under the will) is defective, in that, on her death without issue then living, the estate would pass, under the will, to Francis Castex or his heirs or assigns.

In the case of *Hathaway v. Harris,* 84 N. C., 96, cited by counsel for the appellant, the devisee had issue living at the time of his death, and the question now presented did not appear.

There is no error, and the judgment of his Honor sustaining the demurrer must be affirmed.

Judgment affirmed.