### THOMAS PERRETT v. L. A. BIRD.

#### (Filed 23 March, 1910.)

**1. Deeds and Conveyances—Estates Tail—Fee.**

An estate devised to D. "and the lawful heirs of his body lawfully begotten," conveys the fee, under Revisal, sec. 1528.

**2. Same—Contingent Remainders—Fees Qualified—Estates.**

O. devised his lands to certain of his children, S., D. and J. By item 3 of the will a certain tract was devised to D. and "the lawful heirs of his body lawfully begotten"; by item 9 it was provided that in case of death of either of the children, his portion should revert to the surviving one, with further contingent limitations: *Held*, these items should be construed together, and that the estate devised to D. was not in fee simple, but a base and qualified fee, defeasible on the death of D. without leaving living lineal descendants. Revisal, sec. 1581.

**3. Same—Termination.**

Under a devise of an estate in fee with a limitation over on the death of the devisee without heir or heirs of the body, the event by which such estate is to be determined will be referred not to the death of the devisor, but to that of the devisees taking such estate.

CONTROVERSY submitted without action and determined before *Cooke, J.*, at February Term, 1910, of SAMPSON.

There was judgment for plaintiff, and defendant excepted and appealed.

*Stevens, Beasley & Weeks* for plaintiff.
*Faison & Wright* for defendant.

HOKE, J. Plaintiff having acquired and holding the estate and interest of David Oates, Jr., in a tract of land, bargained the same to defendant, L. A. Bird, at the contract price of $1,500, and agreed to convey a good title.

Defendant having refused to pay, on the ground that the title held and offered by the plaintiff was not a good one, the present controversy was submitted, pursuant to law, for the purpose of determining the question.

The title offered by plaintiff was alleged and shown to depend upon the proper construction of the will of David Oates, father of David Oates, Jr., bearing date 1873, and in which David Oates, the father, devised certain lands to three of his children, Susan, David, Jr., and Jethro, and the portion devised to David, Jr., and which includes the land in controversy was in terms and in part as follows:

"Item 3. I give and devise unto my beloved son, David Oates, and the lawful heirs of his body lawfully begotten, the other

portion of the land I have given to his mother for life, on the west side of the division line running north and south, containing the same number of acres as his brother Jethro W. Oates, five hundred acres, more or less, as it may run out."

And having, as stated, devised certain other lands to his daughter Susan and to another son, Jethro, the will further provides:

"Item 9. It is my desire that in case of the death of either of my three children, Susan, David and Jethro, that their portion of my estate shall revert to the surviving one, and in case they all die without heirs of their bodies lawfully begotten, then it shall go to my oldest children."

Under our statute, Revisal, sec. 1528, and numerous decisions thereon, the estate conveyed under the third item of the will of David Oates, if that item alone applied to the question, would undoubtedly have been a fee simple. *Sessoms v. Sessoms,* 144 N. C., 121; *Jones v. Ragsdale,* 141 N. C., 200; *Wool v. Fleetwood,* 136 N. C., 460. But this item is to be construed in connection with the provisions of item 9 of the will.

A perusal of this item 9 gives clear indication that the last clause, "and in case they all die without heirs of their bodies lawfully begotten," should also be annexed to and control the first clause of this item; this being the clear intent of the devisee, and making the entire item read: "That in case of the death of either of my three children, Susan, David and Jethro, without heirs of their bodies lawfully begotten, their portion of the estate should revert to the survivors; and in case they all die without heirs of their bodies, etc., then over"; and in our opinion, this being the correct interpretation of item 9, a proper construction of the two items taken together requires that the interest conveyed to David Oates, Jr., by the will of his father be declared a base and qualified fee, because defeasible on the death of David Oates, Jr., without lineal descendants living at the time of his death. *Dawson v. Ennet,* 151 N. C., 543; *Harrell v. Hagan,* 147 N. C., 111; *Sessoms v. Sessoms,* 144 N. C., 121; *Whitfield v. Garris,* 134 N. C., 24, etc., etc.

The significance we have given the words "heirs of their bodies lawfully begotten," etc., as used in item 9 of this will, and as equivalent to "an indefinite succession of lineal descendants who may take by inheritance," will be found approved and sustained in *Harrell v. Hagan, supra,* and authorities there cited. And in the same case, speaking to the time when an estate of this nature will become fixed and absolute, the Court said:

"Under several of the more recent decisions of the Court, the

event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively (holders of base or qualified fee), without leaving a lawful heir." Citing *Kornegay v. Morris,* 122 N. C., 199; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308.

Applying this principle, it appears that David Oates, Jr., the devisee referred to in item 3 of the will, is now living, a married man, and has several children; and, while these facts disclose that the contingency upon which his estate depends is happily very remote, it still exists, and, this being true, the title offered by his grantee is not at this time a perfect title.

The authorities, or most of them, relied upon by plaintiff as contravening this position, notably as in *Weatherly v. Armfield,* 30 N. C., 25, will be found to apply to instruments bearing date prior to the act of 1827, as embodied in Revisal, sec. 1581. Prior to that act the limitation in this will on the estate of David Oates, Jr., "in case he die without heirs of his body lawfully begotten," would have been held void as being too remote; but this interpretation, operating as it did in many instances to frustrate the evident intention of the testator, the act in question was passed materially affecting the construction which formerly prevailed, and providing as follows:

"Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person shall die, not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it: *Provided,* that the rule of construction contained in this section shall not extend to any deed or will made and executed before 15 January, 1828."

There was error in the ruling that the grantee of David Oates, Jr., has a perfect title to the land bargained to defendant, and the judgment to that effect must be

Reversed.