LONNIE SMITH AND WIFE, NANCY J. SMITH, *v.* ELLINGTON-GUY LUMBER COMPANY.

(Filed 31 May, 1911.)

1. Wills—Construction—Intent—Repugnancy.

In construing a will, the intent of the testator must govern as ascertained from the consideration of the whole instrument in the light of surrounding circumstances, and each and every part should be given effect if it can be done by fair and reasonable intendment before one clause may be construed as repugnant to or irreconcilable with another.

2. Wills — Estates — Uncertain Event — Fee Simple—Defeasance—"Heirs"—Purchasers.

An estate devised to certain named children of the testator, with a provision that "if any of my children" mentioned "should die without leaving lawful issue of his or her body surviving, or to be born within the period of gestation," then his or her part "shall descend to and upon the survivors . . . or upon the lawful heirs who may be surviving any of my said children."

*Held,* (1) the vesting of the interests under the terms of the will is determined by the death of the children named, and not by that of the devisor, each of these children taking an estate in fee simple, defeasible as to each on their "dying without leaving lawful issue of his or her body surviving," in the sense of children, grandchildren, etc.; (2) the "lawful heirs" of the children named take as purchasers, the word "heirs" as thus used not meaning general heirs.

### 3. Same—Partition—Judgment.

Devisees of lands under a will by which they take a fee simple estate defeasible upon the happening of an uncertain event cannot by a judgment in partition proceedings obtain a fee simple title, or pass a greater or different interest than they acquired by the devise. *Gillam v. Edmonson,* 154 N. C., 127, cited and distinguished.

APPEAL from *Peebles, J.,* at the May Term, 1911, of DUPLIN.

Civil action heard on case agreed. On the hearing it was properly made to appear that plaintiffs had contracted in writing to sell defendant an interest in a certain tract of land in said county, stipulating that a good title should be made and having tendered a deed for the property, in correct form. Defendant resisted payment, claiming that the title offered was defective.

On the question of title it appeared that Bryant Smith, now deceased, was the owner of this land and other lands and had in the third item of his will devised his real estate, including this tract, to six of his children, to wit, Penelope, Lemuel, Hepsey, Nancy (the plaintiff), Celia, and Bryant, the devise containing and affected by a limitation expressed as follows: "And it is further my will and desire that if any of my said children mentioned in this item of my said will should die without leaving lawful issue of his or her body surviving, or to be born within the period of gestation after his death, then it is my will and desire that the part therein given and devised to said child shall descend to and upon the survivors of my said children mentioned in this item of this my will, or upon the lawful heirs who may be surviving any of my said children mentioned in this item." By a subsequent clause of this will, another child, Sapronia,

having married contrary to her father's wishes, was given $1 as her full share of the estate. After the death of Bryant Smith, the six children mentioned in item three of the will instituted proceedings and partition of the land was duly made between these devisees, that portion of the land the subject of this contract being duly assigned to *feme* plaintiff. The case further states that one child had been born to plaintiff which lived a short time and is now dead. Upon these facts, the court, being of the opinion that plaintiffs could convey a good title, entered judgment enforcing the contract, and defendant excepted and appealed.

*H. D. Williams for plaintiff.*
*G. V. Cowper for defendant.*

HOKE, J. Under several recent decisions of the Court, the children, under the third item of this will, took an estate in fee simple, defeasible as to each on an uncertain event—in this case, "a dying without leaving lawful issue of his or her body surviving or to be born within the period of gestation after death." *Perret v. Byrd,* 152 N. C., 220; *Dawson v. Ennett,* 151 N. C., 543; *Harrell v. Hagan,* 147 N. C., 111; *Sessoms v. Sessoms,* 144 N. C., 121; *Whitfield v. Garris,* 134 N. C., 24; *Smith v. Brisson,* 90 N. C., 284. And we have held, also, in these and other cases, that when a devise is limited over on a contingency of this kind, unless a contrary intent clearly appears in the will, the event by which each interest is to be determined must be referred, not to the death of the devisor, but to that of the several holders respectively. Speaking to this question in *Harrell v. Hagan, supra,* the Court said: "Under several of the more recent decisions of the Court, the event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively, without leaving a lawful heir. *Kornegay v. Morris,* 122 N. C., 199; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308. And by reason of the terms in which the contingency is expressed, 'That if each or all of the girls die without leaving a lawful heir, then the land,' etc., and other indi-

cations which could be referred to, the estate does not become absolute in the other daughters on the death of one of them without leaving such heir, but the determinable quality of each interest continues to affect such interest until the event occurs by which it is to be determined or the estate becomes absolute. *Galloway v. Carter,* 100 N. C., 112; *Hilliard v. Kearney,* 45 N. C., 221."

Construing this will in reference to these authorities and bearing in mind the well-recognized positions that as to wills the intent of the testator as ascertained from the consideration of the whole will in the light of the surrounding circumstances must govern *(Holt v. Holt,* 114 N. C., 241); and that as to both wills and deeds the intent as embodied in the entire instrument must prevail, and each and every part must be given effect if it can be done by fair and reasonable intendment before one clause may be construed as repugnant to or irreconcilable with another *(Davis v. Frazier,* 150 N. C., 447), we are of opinion that the will conveys to the children mentioned in the third item an estate in fee, defeasible on dying without leaving lawful issue of his or her body surviving, and in that event as to either, and when it occurs, the interest passes to the surviving children or to the "lawful heirs who may be surviving any of my children"; and that by these words the testator did not intend heirs in the ordinary or general meaning of the term, but surviving issue and in the sense of children and grandchildren, etc., of the devisees named, and that in case this interest should arise to them, they would take and hold as purchasers directly from the devisor.

To hold as plaintiffs contend, that the words "lawful heirs who may be surviving any of my children" were intended to and did include the heirs general of the devisees named or issue in the sense of "heirs of the body," which last under our statute are established as equivalent to heirs general, would be to declare such devisees the absolute owners, and in direct contravention of the words just used by the testator and by which their interest and ownership was made contingent on either dying "without issue of the body living at the time of his or her death," and would also frustrate the purpose expressed in the item just

succeeding, by which the daughter Sapronia was disinherited, for she would come within the description and definition of "lawful heirs who may be surviving any of my children," as contended for by plaintiff. There are numerous decisions, here and elsewhere, by which the words "heir or heirs or issue" in wills are construed to mean children and grandchildren when such construction would effectuate the manifest purpose of the testator. *Smith v. Proctor,* 139 N. C., 314; *Sain v. Baker,* 128 N. C., 256; *Patrick v. Morehead,* 85 N. C., 62; *Campbell v. Cronly,* 150 N. C., 458. In this last case on matter relevant to the present inquiry, it was held: "An estate to one, with a declaration of the use to grantor's wife and two named children, in fee, and to the survivors of them, the conveyance further providing that if the said daughters 'shall die leaving issue, then to the use of such surviving issue, who shall take the same *per stirpes,* and not *per capita,*' does not vest the fee in the daughters upon the death of the wife; the grantor's intent appearing, both from the usual and legal significance of the language employed, to create in the daughters a determinable fee, and, upon the death of either, the use would shift and vest in the 'surviving issue.' An estate in trust to the use of grantor's two daughters, providing in the deed that if said daughters 'shall die leaving living issue, then to the use of such surviving issue, who shall take the same *per stirpes,* and not *per capita,*' creates a succession of survivorships in the living children and grandchildren of the daughters, who may take as purchasers upon the happening of the event, and the daughters named cannot convey to a purchaser a good and indefeasible title." And the decision is an apt authority on the interpretation placed on the present devise.

Having held the estate in the devises to be a fee simple, defeasible on certain contingencies, by which the interest of one or more of them might pass to the children or grandchildren of the others as purchasers, it follows that the judgment in the partition proceedings, to which the original devisees were all parties, does not operate to perfect this title. True, we have held in *Carter v. White,* 134 N. C., 466, that "a judgment in a partition proceeding determining the respective interests of the

parties thereto is binding on said parties as against an after-acquired title." But this position obtains only as between the parties and their privies in estate, and does not prevail as against third persons. *Gillam v. Edmonson,* 154 N. C., 127. Suppose this present *feme* plaintiff should die without issue living at her death, under the terms of the will her estate would pass to her surviving sisters and her brothers mentioned in the third item of the will. Suppose, further, that one of her surviving sisters should then die, leaving sons and daughters, these last would take and hold, not under their mother, who was a party to the proceedings, but as purchasers under the will of their grandfather. They would claim not under the partition proceedings, but above it, and so would not be bound by it.

For the reason stated, we are of opinion that the plaintiffs are not now in a position to offer the defendant company a good title to the property, and that the decree enforcing performance of the contract must be reversed.

Reversed.