J. C. VINSON v. BARTELL WISE ET AL.

(Filed 18 September, 1912.)

1. **Estates for Life—Limitations—When Determinable—Contingent Interests.**

    An estate to W. for life, and to his surviving widow for life, and thereafter to his children, "and after the death of all with no issue then living," with further limitation over: *Held*, the event by which the estate must be determined will be referred to the death of the holders of the life estates, and in their lifetime their children are the devisees of a contingent estate in remainder, to determine in case "all of them die with no issue then living." *Harrell v. Hagan*, 147 N. C., 111, cited and distinguished.

2. **Estates, Contingent—Partition of Lands.**

    Proceedings for partition of lands cannot be maintained when the plaintiff holds only a contingent interest in the lands, determinable on the death of the life tenant, who is still living at the time.

APPEAL by plaintiff from *Cline, J.,* at April Term, 1912, of HERTFORD.

This was an action instituted to sell an interest in an estate or parcel of land for division, heard on demurrer to complaint.

It appeared that J. C. Vinson, plaintiff, having acquired and holding by deed and mesne conveyances the interest of K. R. Wise and his daughter, Emma, the same being a portion of the estate in remainder, subject to the life estate of M. L. Wise, instituted this action against his grantors and the other. re-

maindermen to obtain a sale of the land for division. The life tenant, M. L. Wise, mother of K. R. Wise, not being a party or in any way seeking relief.

Defendants demurred, assigning for cause, in part, "That plaintiff has no right to maintain the action, in that the interest held by him in the land described in the complaint is not vested, but a contingent interest." The demurrer was sustained on the ground stated, and plaintiff having declined to amend, judgment was entered that the action be dismissed. Plaintiff excepted and appealed.

*Winborne & Winborne for plaintiff.*
*Lloyd J. Lawrence for defendant.*

Hoke, J. The land in question, a storehouse and lot in Murfreesboro, N. C., is a part of the property devised by W. N. H. Smith, deceased, in Item 3 of his last will and testament, and the terms of the said devise and the facts material and relevant to the inquiry are as follows:

"1. That William N. H. Smith, late of Wake County in the State of North Carolina, died on 14 November, 1889, leaving a last will and testament, which was duly proved and admitted to record in the Superior Court of said county of Wake.

"2. That Item 3 of said will is as follows: 'The land at Murfreesboro belonging to Major W. Wise, by him conveyed in trust to John C. Laurence and bought by me at the trustee's sale, I give the use of the same remaining to him for life, and. to his surviving widow for life, and thereafter to his children, now three in number, and after the death of all with no issue then living, the same in remainder to my children, William and Edward.'

"3. That said Major W. Wise died on 8 July, 1902, leaving him surviving his widow, M. L. Wise, referred to in said Item 3 of said will, and who is still living, and his said three children, K. R. Wise, Bartell Wise, and Eula Wise Smith, wife of the defendant W. W. Smith.

"4. That said Eula Smith, wife of said W. W. Smith, died intestate on 2 January, 1911, leaving her surviving the defend-

ants W. N. H. Smith, Gordon Smith, and Louis Smith, as her only children and heirs at law, and her husband, W. W. Smith.

"5. That said K. R. Wise and Bartell Wise are still living.

"6. That the defendant Emma S. Wise is the only child of K. R. Wise.

"7. That the defendant Bartell Wise has never married.

"8. That the defendants Ed. Chambers Smith and W. W. Smith are the sons of said testator, W. N. H. Smith, and referred to in said Item 3 of said will as his sons William and Edward."

That plaintiff has acquired the interest of said K. R. Wise and his daughter Emma in said store and lot, having purchased the same for full value from A. Brinckley and wife, who bought at foreclosure sale under a mortgage executed by said K. R. Wise and his daughter, and under and by virtue of said deeds, claims to be the present owner of one undivided third interest in the property, subject to the life estate of M. L. Wise. The other present holders and claimants of the estate in remainder being parties defendant.

If it be conceded that, under our statutes and the principles of law as they obtain with us, the plaintiff could maintain the present action without joinder of the life tenant and asking for a sale of the land itself, it is very properly admitted by the parties that he can only do so on the position that he is the owner of a vested estate in remainder. The statutes under which he is endeavoring to proceed require this in express terms (Revisal, sec. 1590 and sec. 2508), and unless plaintiff now has a vested interest, or in any event unless some holder of a vested interest is a party, the demurrer was properly sustained.

By the terms of this will and on the death of the testator, K. R. Wise and the other children referred to became the devisees of a contingent estate in remainder, to determine in case "all of them die with no issue then living." *Smith v. Lumber Co.,* 155 N. C., 389; *Richardson v. Richardson,* 152 N. C., 705; *Perrett v. Bird,* 152 N. C., 220; *Bowen v. Hackney,* 136 N. C., 187; *Whitesides v. Cooper,* 115 N. C., 571.

Under numerous decisions of the Court, in a devise of this
character and unless a contrary intent appears from the will,
the event by which the estate must be determined will be
referred, not to the death of the devisor, but the holder of the
particular estate itself, and the determinable quality of such
an estate or interest will continue to affect it till "the event
occurs by which same is to be determined or the estate becomes
absolute." *Smith v. Lumber Co., supra; Harrell v. Hagan,* 147
N. C., 111; *Kornegay v. Morris,* 122 N. C., 199; *Williams v.
Lewis,* 100 N. C., 142; *Galloway v. Carter,* 100 N. C., 112;
*Buchanan v. Buchanan,* 99 N. C., 308. In the case of *Harrell
v. Hagan, supra,* this general principle was applied, and it
was held that when *either* child died leaving *issue,* that interest
became absolute, but that was by reason of a different wording
of the contingent clause: "and if *either* or all of the above
girls die without leaving a lawful heir," etc. In our case the
devise is to the children of Major W. Wise, now three in num-
ber, and "in case *all* of them die with no issue *then living,* the
same in remainder to return to my children William and Ed-
ward," the intent evidently being to pass the estate to this
Wise stock if there were issue of that stock to take it when
the last child of Major W. Wise, who took as devisee under the
will, died, and, if not, the same was to return to members of
his own family, to wit, his sons William and Edward.

There is no error, and the judgment dismissing the action is
Affirmed.