HARRIET S. O'NEAL v. C. J. BORDERS.

(Filed 15 December, 1915.)

1. **Estates—Wills—Devises—Bodily Heirs—Contingent Limitations—Deeds and Conveyances—Fee Simple.**

   A devise of land to S. "to belong to her and her bodily heirs, and should she die and leave no bodily heirs, it then comes back to her brothers and sisters": *Held*, a devise of a fee-simple title to S., defeasible on her dying without bodily heirs in the sense of lineal descendants, in which event the estate would go to the brothers and sisters of S. direct from the testatrix. Hence S. cannot convey a good title to the lands so devised, there being a contingent interest outstanding in her brothers and sisters.

2. **Same—Husband and Wife—Privy Examination.**

   The rule of construction applicable to wills which will prevent the first taker from making a valid conveyance in fee of lands when, under its terms, there is a contingent outstanding estate in others, applies also to deeds; and where a deed has been made by the same testatrix, before her death, upon the same limitations, without having had her privy examination taken, it is, for the want of such examination, further ineffectual. *Wallin v. Rice, ante,* 417; *Warren v. Dail, ante,* 406, cited and applied.

APPEAL by defendant from *Justice, J.,* heard at chambers by consent, 25 September, 1915; from CLEVELAND.

Controversy heard on case agreed. It appeared that plaintiff, formerly Harriet S. Borders, had contracted to convey the land in controversy to defendant at a stipulated price, and payment was resisted by defendant on the ground that plaintiff could not make a good title. The court, being of opinion that the title offered was a good one, entered judgment for plaintiff, and defendant excepted and appealed.

*Eaves & Edwards for plaintiff.*
*Ryburn & Hoey for defendant.*

HOKE, J. Under the facts agreed upon the ownership of the property was in Susan Borders, mother of plaintiff, and the title now in question is properly made to depend upon the correct interpretation of her last will and testament, in which she devised land to plaintiff in terms as follows: "I devise to Harriet S. Borders (now Harriet S. O'Neal, plaintiff), my youngest daughter, 100 acres of land known as the Daniel Hicks tract, etc., . . . and it to belong to her and her bodily heirs; and should she die and leave no bodily heirs, it then comes back to her brothers and sisters."

Under various decisions of the Court, construing devises in these or substantially similar terms, the will conveyed to plaintiff the title in fee simple, not absolute, but defeasible on her dying without bodily heirs in the sense of lineal descendants. *Burden v. Lipsitz,* 166 N. C., 523, citing *Rees v. Williams,* 164 N. C., 128; same case, 165 N. C., 201; *Smith v. Lumber Co.,* 155 N. C., 389; *Perrett v. Bird,* 152 N. C., 220; *Harrell v. Hagan,* 147 N. C., 111.

The title tendered in this case is not, therefore, a good one, for, by the express language of the devise, if the contingency should occur and Harriet O'Neal, the devisee and taker of the first estate, should die without such descendants, the property would go to the brothers and sisters of the plaintiff, these, in such case, to take and hold the estate direct from the testatrix. *Sessoms v. Sessoms,* 144 N. C., 121.

Plaintiff's deed, therefore, would not conclude the ultimate holders. *Hobgood v. Hobgood,* 169 N. C., 485. As pointed out in the *Sessoms case,* prior to the act of 1827, Rev., 1581, this limitation would have been too remote as being against the policy of the law which concludes perpetuities, but the statute established a rule of construction by which these and similar limitations may very generally be upheld by providing, as it does, "That every limitation in any deed or will made to depend upon the dying of any person without heirs or heirs of the body or without issue or issues of the body or without children or offspring, shall be held and interpreted a limitation to take effect when such person shall die without having such issue, etc., living at the time of her death or born within ten lunar months thereafter, unless the intention of such

limitation shall be otherwise plainly and expressly declared on the face of the will."

The deed referred to in the case agreed, by which Susan Borders and her husband, T. G. Borders, undertook to convey the land to plaintiff, prior to the devisee's death, was ineffective to pass the title for want of the privy examination of the said Susan. *Wallin v. Rice, ante,* 417; *Warren v. Dail, ante,* 406. But, if it were otherwise, the deed contains the same limitation, the language of the instrument purporting to convey the property being "to plaintiff and her bodily heirs forever; and should she leave no bodily heirs, it is then to be divided among her brothers and sisters."

There is error in the judgment of the court, and, on the facts stated, the same muse be

Reversed.