JAMES A. BELL, TRUSTEE, v. E. L. KEESLER.

(Filed 8 May, 1918.)

1. **Estates—Limitations—Contingencies—Statutes.**

   Our statute with regard to contingent limitations by will or deed depending "upon the dying of any person without heirs or issue," etc., was

enacted for the primary purpose of making such limitations good by fixing a definite time when the death of the first taker shall become absolute, and also to establish a rule of interpretation by which the estate of the first taker shall be affected with the contingency till the time of his death, unless a contrary intent appears upon the fact of the instrument. Revisal, sec. 1581.

2. **Same—Intent—Vesting of Estates—First Taker—Direct Descendant.**

In ascertaining whether the intent of a donor or testator is to fix an earlier period for the estate to become absolute than at the death of the first taker without heirs or issue, Revisal, sec. 1581, the instrument should be construed in reference to the principles that the law favors the early vesting of estates; that the first taker is ordinarily to be regarded as the primary object of the testator's bounty, especially when he is his child or lineal descendant.

3. **Same—Wills—Wife—Children—Nephews.**

A devise of lands to testator's wife for life, "at her death to such child or children as may survive her," etc., "upon their coming of age or marriage, share and share alike," etc., and a following item, with limitation over to a nephew upon contingency that no child "live to become of age or marry or die without heirs": *Held,* upon the death of the wife and one child surviving having become of age, such child took a fee simple absolute estate, the contingency thereof being the estate of the first taker becomes absolute upon his becoming of age or marrying, or dying without heirs or the issue of children or offspring, and in either or any one of these events.

4. **Estates—Limitations — Contingency — Children — Words and Phrases—"Or."**

When a gift over, in case of death without issue, is accompanied by a gift over in case of death before arriving at a certain age, the dying without issue will generally be restricted to a dying without issue before arrival at the age specified, to aid which the word "or" may be construed as "and."

CIVIL ACTION, heard on demurrer before *Long, J.,* at Spring Term, 1918, of MECKLENBURG.

The action was to collect the purchase price of a tract of land bought by defendant at trustee's sale and payment of purchase money being refused by reason of the fact that plaintiff could not make a valid title and on further facts set forth in the answer. Plaintiff having demurred, there was judgment sustaining demurrer, and defendant excepted and appealed.

*Pharr & Bell for plaintiff.*
*H. L. Taylor for defendant.*

HOKE, J. Plaintiff Bell, holding the land under a deed of trust to secure $1,770, conveying to him the title of Marie Anna Glover, sold

said land pursuant to the terms of the deed, when defendant became the last and highest bidder at the price of $4,875. Said plaintiff having prepared and tendered a deed, payment of purchase money was refused on the ground that plaintiff could not make a good title to the land according to the terms of the contract.

On present action, instituted to recover purchase money, defendant, admitting that plaintiff had sold pursuant to the terms of the deed, and that the title offered was that of Marie Anna Glover, grantor in the deed of trust, contended that said title was defective in that the grantor only had a defeasible fee in said land and on facts stated in the further defense as follows: That the land was formerly owned by F. H. Glover, who died some time in 1888, leaving him surviving his widow, Laura Amanda Glover, and their one child, Marie Anna Glover, grantor in plaintiff's deed; that said F. H. Glover, by his last will and testament, in the fifth and sixth items of the same, made disposition of the property as follows:

"Fifth. After the payment of my just debts aforesaid, I give and bequeath half of all my estate, real and personal, to my beloved wife, Laura Amanda Glover, for and during the term of her natural life; at her death of what may remain, to such child or children as may survive me by her, to them and their heirs forever. I give, devise and bequeath the other half of all my estate, real and personal, to any child or children that may survive me by my beloved wife, Laura Amanda Glover, upon their becoming of age or marriage, share and share alike, to them and their heirs forever.

"Sixth. In event of my dying and no child or children by my beloved wife, Laura Amanda Glover, live to become of age or marriage, or die without heirs, I then give, devise and bequeath all my estate, real and personal aforesaid, to my beloved wife, Laura Amanda Glover, during her natural life, and at her death what may remain to Francis Glover, son of my brother, Joseph E. Glover, of Colleton County, State of South Carolina, to him and his heirs forever."

That Laura Amanda Glover, the widow, died in the latter part of 1904, and in 1905 said Marie Anna Glover, now about 50 years of age and unmarried, executed the deed of trust under which the sale was had and defendant bought.

On these, the controlling facts relevent to the question presented, we concur in his Honor's view that the title offered is a good one and no valid defense to plaintiff's action has been alleged.

Our statute, Revisal, sec. 1581, provides that "every contingent limitation by deed or will made to depend upon the dying of any person without heirs or issue, etc., shall be held and interpreted a limitation to take effect when such person shall die not having such heir or issue

or descendant or other relative, etc., living at the time of his death or born to him within ten lunar months thereafter unless the intention of such limitations be otherwise and expressly declared in the face of the deed or will creating it." This statute was enacted for the primary purpose of making such limitations good by fixing a definite time when the estate of the first taker shall become absolute, and it is also held to establish a rule of interpretation by which the estate of the first taker shall be affected with the contingency till the time of his death unless a contrary intent appears on the face of the instrument. *Kirkman v. Smith,* 174 N. C., 603; *Harrell v. Hagan,* 147 N. C., 111; *Sain v. Baker,* 128 N. C., 256, etc.

In ascertaining whether there is an intent in the face of the will or deed to fix an earlier period when the estate shall become absolute, we have held in numerous cases that the instruments should be construed in reference to the recognized principles that the law favors the early vesting of estates and that the first taker is ordinarily to be regarded as the primary object of the testator's bounty, and more especially so when such taker is a child or lineal descendant. *Bank v. Murray,* 175 N. C., 94, S. E., 665; *Dunn v. Hines,* 164 N. C., 113.

Considering the question presented in view of these positions, we are of opinion that the will, on its face and under the admitted facts, clearly confers on Marie Anna Glover, the testator's only child and heir at law, an unqualified estate in fee simple and that, under its provisions and on the death of her mother, she was to have all the property in absolute ownership, either on her becoming of age or on her marriage or on her death leaving heirs in the sense of children or offspring. *Harrell v. Hagan,* 147 N. C., 111; *Fairley v. Priest,* 56 N. C., 383.

In Item 5, standing alone, the effect of the will is to confer on this child all of his property in absolute ownership, subject to a life estate in the wife as to one-half. In Item 6 he annexes a qualification by which the estate is limited over, but carrying his property, as it does, to collateral relations, it is not to be operative if his own child, the primary object of his bounty, becomes 21 or marries or, as stated, dies leaving children. The principle applicable is stated in 40 Cyc., p. 1506, as follows: "When a gift over, in case of death without issue, is accompanied by a gift over in case of death before arriving at a certain age, the dying without issue will generally be restricted to a dying without issue before arrival at the age specified, to aid which the word 'or' may be construed as 'and.'" And this statement of the principle has been approved in many well considered cases here and elsewhere. *Ham v. Ham,* 168 N. C., 486; *Parker v. Parker,* 46 Mass., 134-137.

In this last citation the position apposite is stated as follows:

"The manifest object of the testator was, we think, that if the son who was the first object of his bounty should die without leaving children to take after him, and whilst he was under age, so that he could not make any disposition of the property on account of the incapacity of nonage, then the testator intended to make disposition of it himself. But if the son should leave no children, but still if he should arrive at an age at which the law would allow him to dispose of real estate by his own act by deed or will, then it was intended that the gift to him should be absolute, and the devise over would fail."

In the case before us, the change suggested or authorized by these cases does not seem to be required, for the two items of the will, to our minds, clearly mean "that this property is to go to our child, Marie Anna Glover, to be hers in absolute ownership if she becomes 21 years of age or if she marries or dies leaving heirs living at her death in the sense of children or offspring." In the case of *Dawson v. Emmett,* 151 N. C., 543, cited and relied upon by defendant, there was no intervening period referred to and no provision of the will tending to show that the estate was to become absolute at any time before the death of the first taker.

We find no error in the record and the judgment sustaining the plaintiff's demurrer will be

Affirmed.