### B. R. JARMAN v. N. E. DAY.

(Filed 17 March, 1920.)

**1. Wills—Devise—"Lend"—Estates.**

The word "lend" applying to lands and used in a will, will be construed as "give" or "devise," unless it is manifest from the terms of the will, that the testator did not intend an estate therein to pass.

**2. Same—Defeasible Fee—Contingency—Time of Happening.**

An estate "loaned" to testator's daughter R. during her natural life and at her death "I lend all of the" designated land "to the lawful heirs of her body, and to the lawful begotten heirs of their bodies if any," standing alone, would convey the fee simple title, but with the further expression, "in case she should die leaving no lawful issue of her body then I give all the above described land to my son J., and his lawful

heirs," the estate is defeasible in the event of the death of R. "leaving no lawful issue of her body," the contingency being the death of the devisor, but that of R. without leaving "lawful issue of her body," etc.

APPEAL by plaintiff from *Daniels, J.,* at the Spring Term, 1920, at chambers, under a case agreed, from ONSLOW.

This is an action to recover the purchase price of a tract of land, the defendant having refused to accept the deed tendered by the plaintiff, and to pay the purchase money, according to his agreement, on the ground that the title of the plaintiff is not an absolute fee-simple estate.

The plaintiff derives title under the will of Gardner Shepard, the material parts of which are as follows:

"I lend to my daughter, Rachel Foy, all of the land, etc. (description omitted), during her natural life, and at her death I lend all the above mentioned land to the lawful begotten heirs of her body, and to the lawful begotten heirs of their bodies, if any, and in case my daughter, Rachel Foy, dies leaving no lawful issue of her body, then I give all of the above mentioned land to my son John Shepard, and his lawful heirs."

The plaintiff, Rachel Jarman, is the Rachel Foy mentioned in said will, and she has living children and grandchildren.

John Shepard died in 1896, leaving children and grandchildren, and he has never conveyed his interest in said land.

His Honor held that the plaintiff did not have an absolute estate in fee, but that it was defeasible on her dying leaving no issue, and plaintiff excepted.

Judgment in favor of the defendant, and plaintiff appealed.

*E. M. Koonce for plaintiff.*
*Rodolph Duffy for defendant.*

ALLEN, J. There is nothing in this will having a tendency to show that the testator did not use the word "land" in the sense of "give" or "devise," and "the general rule is that unless it is manifest that the testator did not intend an estate to pass, the word 'lend' will pass the property to which it applies in the same manner as if the word 'give' or 'devise' had been used." *Sessoms v. Sessoms,* 144 N. C., 124.

The testator has then devised the land in controversy to the plaintiff, Rachel Jarman, then Foy, for life, and to the heirs of her body, which standing alone would be a fee simple under the rule in *Shelley's case,* but with a limitation over to "John Shepard and his lawful heirs" in the event the plaintiff "dies leaving no lawful issue of her body," which clearly makes the estate defeasible. *Dawson v. Ennett,* 151 N. C., 543; *Smith v. Lumber Co.,* 155 N. C., 391; *Rees v. Williams,* 165 N. C., 203.

In the *Smith case* the devise was to six children in fee, with the limitation that "If any of my said children mentioned in this item of my said will should die without leaving lawful issue of his or her body surviving, or to be born within the period of gestation after his death, then it is my will and desire that the part therein given and devised to said child shall descend to and upon the survivors of my said children mentioned in this item of this my will, or upon the lawful heirs who may be surviving any of my said children mentioned in this item," and the Court said, in construing the will: "Under several recent decisions of the Court, the children, under the third item of the will, took an estate in fee simple, defeasible as to each on an 'uncertain event—in this case, 'a dying without leaving lawful issue of his or her body surviving, or to be born within the period of gestation after death.' *Perrett v. Byrd,* 152 N. C., 220; *Dawson v. Ennett,* 151 N. C., 543; *Harrell v. Hagan,* 147 N. C., 111; *Sessoms v. Sessoms,* 144 N. C., 121; *Whitfield v. Garris,* 134 N. C., 24; *Smith v. Brisson,* 90 N. C., 284. And we have held, also, in these and other cases, that when a devise is limited over on a contingency of this kind, unless a contrary intent clearly appears in the will, the event by which each interest is to be determined must be referred, not to the death of the devisor, but to that of the several holders respectively."

Many other authorities could be cited to the same effect, but it is not necessary to do so.

Affirmed.