Pearson, J.
 

 "Without entering- into the question whether tiie word “then” is an adverb of “time,” or a mere “relative” adverb, about which much is to be met with in the books, we are satisfied that the words “at her decease” fix the happening of that event as the time at which the limitation over must take effect, if it takes effect at all; and consequently, that it is not too remoto; “at” is a more precise word of time, than “after,” and it is settled that “after her death” is sufficient to restrict the limitation ;
 
 Pinbury
 
 v.
 
 Ekin,
 
 1 P. W. 563 ;
 
 Wilkerson
 
 v. South, 7 Term Rep. 555 ; 1 Fearne 473; Smith 557; 2 Roper 1519.
 

 This conclusion is irresistible, unless these words can be rejected as surplusage, and we see no ground upon which that can be done; for the testator manifestly had a meaning which tiieso words were used to express. Or unless they can be explained away by the interpolation of some other words.
 

 It was suggested that the testator did not mean to give tiie slaves to his daughter if his wife left a child or a grandchild at her death, and that a proper construction requires other words, so as to make the expression “ then at her decease
 
 without issue.”
 
 This may be granted, and still the limitation would be good, because it is tied down to the time of her death, and must tako effect
 
 at that time,
 
 or not at all. The substance of it being — -if at her death she has no issue, the limitation will tako effect; but if she has issue at that time it fails, although such issue should afterwards become extinct. So in either case, the fate of the limitation will be decided at her death, although it depends on the contingency of her dying without issue.
 

 ■It was further suggested that the effect of these words is explained away by the latter part of the clause, in which ul
 
 *355
 
 terior limitations are given, by which it is made evident tliat the limitation, in question is put on an indefinite failure of issue, and is consequently too remote. The argument failed to satisfy us of the correctness of the conclusion sought to be deduced.
 

 Another view of the subject has suggested itself, which we are convinced is the true one : The effect of the clause, considered as a whole, is to give the land to his daughter, and the slaves to his wife, with
 
 oross limitations to the survivor
 
 in the event of the other dying, without marrying and without issue, with respect to the daughter, and without issue, in respect to the wife. The souse is confused by being expressed in an in-artificial manner, and by leaving the disposition of one part unfinished and talcing up the other, and then mixing both.— "Wo believe this to be the proper reading to give expression to the meaning in a clear and orderly manner: i. e. “ In the first place, I give all my estate, both real and personal to my wife, subject to the payment of debts and the support and education of my daughter, until she marries or arrives at age. At her marriage, or arrival at age, I give to her my real estate,” (and some few articles of personalty) “ to be at the disposal of her and he heirs forever. If she dies
 
 previous to the death of ray
 
 wife, without marrying or having heirs of her body, then the land and property bequeated to her, is to
 
 revert bach, (that
 
 is to belong to my wife.) The balance of my estate to be for the sole use and benefit of my wife and the heirs of her body. If she
 
 dies preceding the death of my daughter
 
 without heirs of her own body,
 
 then
 
 at her decease, the whole of the property to go to the use and benefit of my daughter and her heirs forever; and until that matter is fully ascertained, (by her death, or that of my daughter) none of the negroes are to be sold or otherwise disposed of, and then, if my daughter should die without marrying and issue of her body, the property to be equally divided between Figures, Sally, and Nancy Phillips, the brother and sisters of my wife.”
 

 To give it this reading, requires only the transposition of two sentences, which is allowed by a well-settled rule of con
 
 *356
 
 struction, when necessary to express the intention. The first, simply keeps separate the disposition of the property given to the daughter, and that given to the wife. The second, in respect to the limitation over to the daughter at the death of the wife, is necessary, in order to make the dispositions consistent and sensible. “ It is further my will and desire, that in case my said wife, Charlotte, should die without issue and preceding the death of my daughter” — here, one expects to find some gift to the daughter, and to make sense of it, the limitation over to her must come in, otherwise there is a chasm andan awkward leap — “ and
 
 then
 
 that my daughter should die, &c.” “
 
 that
 
 then, the property should be equally divided &c.”— It is impossible to read this will attentively, and believe that it was the intention of the testator, should his daughter die, and her issue become extinct in the life-time of the wife, that the property given to her, should, at her death, devolve upon the personal representatives of the daughter, and pass to her next of kin. To guard against this result, he resorts to cross limitations between his wife and daughter, and in the event of her surviving, he makes an ulterior limitation over to the brother and sisters of his wife. Eor some reason or other, if his daughter died and her issue became extinct, he intended, that the property should not go to her collateral relations, but should go to his wife, if she was then living, if not, that it should go to her brother and sisters. As he says, in the event of my daughter getting all of the estate, by my wife’s death preceding her’s, I intend it shall go to the brother and sisters of my wife, in preference to the collateral relations of my daughter, it is absurd, to suppose that he intended it should go to the latter, in preference to the former, in the event that his daughter’s death preceded that of his wife : ■why should he intend to make a different disposition, if his daughter died before his wife, than that which ho makes if she dies after his wife ?
 

 The whole is made clear and consistent, and every expression and limitation is allowed due weight, by giving to the will the effect of making cross limitations. If the wife sur-
 
 *357
 
 vivos, lier estate becomes absolute. If the daughter survives and gets the whole estate, then, in the event of her issue becoming extinct, it is limited to the brother and sisters of the wife. It may be, this ulterior limitation is too remote, but it is not on that account entitled to less weight, as tending to show the intention ; so, also, although the limitations over to the wife, failed by the marriage of the daughter, and that to the daughter failed by her death in the lime-time of the wife, they both point out the intention as cearly as if these events had not occurred. We are of opinion that the limitation over to the daughter, at the death of the wife, was not to take effect unless the wife’s death preceded that of the daughter, and as the wife was the survivor, the cross limitation to the daughter failed, and the wife’s estate became absolute; consequently the plaintiff, who is the personal representative of the daughter, is not entitled to the slaves sued for. There is no error.
 

 Per CukiaM, Judgment affirmed.