The controversy in this case arises upon the construction of the following clause in the will of Dempsey Blake, deceased: "I give and bequeath to my daughter Anne my negro woman Sarah, to her and her heirs of her own body forever; and if none, to return after her death to the rest of my children equally." The question is, whether the limitation over to the rest of the testator's children is too remote, and therefore void. The will was made in 1819, so that the construction is not controlled by the act of 1827; and that act cannot be allowed to influence our decision, except, perhaps, as indicating to us that the Legislature of that year thought the courts had gone too far in holding that the expressions "dying without heirs," or "heirs of the body," or "without issue," or "issue of the body," etc., meant an indefinite failure of such heirs or issue, and not heirs or issue living at the death (253) of the testator. Many decisions, both of the English courts and of those of this State, affecting the question now before us, have been brought to our attention by the counsel, and the task of showing an entire consistency among them would be a difficult one, if it were necessary for us to undertake it. From this difficulty, however, we are relieved by one or two recent adjudications of this Court, the authority of which we do not feel ourselves at liberty to dispute.
In Baker v. Pender, 50 N.C. 351, the bequest was in the following words: "The balance of the property to be for the sole use and benefit of my wife, to her and her heirs lawfully begotten of her body, forever; but should my wife die without heirs of her body, then, at her decease, the whole of the property to go to the use and benefit of my daughter Nancy and her heirs forever." The contest was about a slave, and the question was whether the limitation over to the testator's daughter Nancy, who was a child by a former wife, was too remote. In delivering the opinion of the Court, it was said: "Without entering into the *Page 156 
question whether the word `then' is an adverb of time or a merely relative adverb, about which much is to be met with in the books, we are satisfied that the words `at her decease' fix the happening of that event as the time at which the limitation over must take effect, if it takes effect at all, and that consequently it is not too remote. `At' is a more precise word of time than `after,' and it is settled that `after her death' is sufficient to restrict the limitation. Pinbury v. Elkin, 1 Peere Williams, 563; Wilkinson v. South, 7 Fearne, 555; 1 Fearne, 473; Smith, 557; 2 Roper Leg., 370." In the subsequent case of Newkirk v. Howes,58 N.C. 265, the bequest was: "I also lend to my daughter Penny Newkirk, during her natural life, the following negroes, viz., etc., and at her decease to the lawful heirs of her body, if any such there (254) be; and if none, to the lawful heirs of my body, and to be equally divided amongst them." The decision was in favor of the validity of the limitation over, as being not too remote, the Court holding that it made no difference whether Penny Newkirk took an estate for life, with a limitation to the heirs of her body as purchasers at her decease, or whether she took the absolute estate under the effect of the rule inShelley's case, as applied to bequests of personality, and that the time was fixed, and the limitation over depended upon her having heirs of her body at her decease. "The force of the words `at her decease' pervades the whole clause, and manifestly qualifies both of the limitations. `To the lawful heirs of her body, if any such there be.' When? Clearly at her decease. `And if none such there be.' Equally clearly at her decease; that is, to the lawful heirs of her body, if any such there be at her decease, and if none, to return to the lawful heirs of my body."
The words of the bequest in the case now before us vary somewhat from those in the cases to which we have referred, but we are decidedly of opinion that the meaning is the same. The slave is given to the testator's daughter, Anne, and to the heirs of her own body; but if none, to return after her death to the rest of his children. "If none" means if she had no heirs of her own body, that is, children or the issue of children, the slave was, after her death, that is, as soon as she was dead, to return to the rest of his children. The expressions in Pinbury v. Elkin
and Wilkinson v. South, ubi supra, were similar to those of the present case, with the exception that they contained the word "then," as "then after his decease" the property, which was personal, was given over to other persons. We think the construction must be the same whether the word "then" be inserted or not. The word, when used in such a connection, is not an adverb of time, as some have supposed, but is to be understood as a relative adverb in the sense of "in that case" or "in that (255) event" — that is, in the case or in the event of a "default of *Page 157 
such issue" the property shall, "after the decease" of the first taker, go over to another. Thus explained, these cases are direct authorities in favor of the construction which we adopt in the present case.
Decree accordingly.
Cited: Springs v. Hopkins, 171 N.C. 494.