H. C. WILLIAMS and wife v. GEO. N. LEWIS.

*Construction of Will—Contingent Limitations—Partition—Estoppel.*

1. A testatrix, among other provisions, devised as follows :

    "ITEM 3. I will and devise that my son Robert and my daughter Ellen have two hundred acres of land laid off in good shape, to include all the houses and improvements—to remain undivided until Robert becomes of age, or until one of them gets married—then to be equally divided between them.

    (Item 5, gives land to her son John, in fee.)

    "ITEM 9. I will and desire, that should my son John die, leaving no heir, I will and desire that Ellen and Robert heir his part of my estate; and should Ellen and Robert die leaving no heir, then the surviving one to heir the estate of deceased brother or sister."

    *Held*, that the time when the contingencies are to happen, so as to give effect to the ulterior limitations, is the death of the respective devisees without children then living, and no earlier period.

2. Where land is devised to several, "to be equally divided between them," with cross contingent limitations, a judgment, in a proceeding for partition, does not estop either to claim the share of the others upon the happening of the event which is to give effect to the limitations. The partition, being in accordance with the provisions of the will, separates that which was before held in common; but in no way disturbs the limitations; these adhere to the respective shares after partition, as fully as they did to the whole before partition.

(DAVIS, J., did not sit on the hearing of this case.)

CIVIL ACTION, tried before *Merrimon, J.*, at Spring Term, 1887, of NASH Superior Court.

Judgment for plaintiffs; defendant appealed.

The facts appear in the opinion.

*Mr. F. A. Woodard* (*Mr. C. M. Cooke* also filed a brief), for the plaintiffs.

*Mr. Jacob Battle*, for the defendant.

SMITH, C. J.   The controversy in this action arises out of the conflicting interpretations of the will of William Jane Bryant (under which both parties derive their claim of title), who died in August, 1872, shortly after making it.

The testatrix, after giving to her daughter Medora fifty acres, to be taken from the southern portion of her tract of land, to be run off and allotted to her by her executor, which has been done, devises as follows:

Item 3d. " I will and devise that my son Robert, and my daughter Ellen, have two hundred acres of land, laid off in good shape, to include all the houses and improvements, to remain undivided until Robert becomes of age, or until one of them gets married, then, to be equally divided between them."

Item 5th. " I give and bequeath unto my son John Bryant, all the balance of my tract of land, being about one hundred and five acres, to him and his heirs forever;" to which, elsewhere, she adds certain pecuniary bequests.

Item 9th. " I will and desire, that should my son John die, leaving no heir, I will and desire that Ellen and Robert heir his part of my estate, and should Ellen or Robert die, leaving no heir, the surviving one to heir the estate of the deceased brother or sister."

The two hundred acres, mentioned in the third item of the will, were, soon after the death of the testatrix, cut off by the executor, and allotted to Ellen and Robert, who entered into possession, and jointly occupied the same until November, 1876, when Ellen, the *feme* plaintiff, intermarried with Henry C. Williams, who and herself are the parties to the action, and thereupon, at their instance, and in association with Robert, under proceedings in the Superior Court, before the Clerk, the land was divided, and the moiety of each tenant assigned and set apart to her and him in severalty.

Robert was, at that time, a minor, but he became of age before 1882, in which year he conveyed, by deed, the tract

which he held to the defendant George N. Lewis, in fee. Robert died in 1886, never having married, and without issue.

The plaintiffs construe the limitation as dependent upon there being no issue living at the time of Robert's decease, and insist that the contingency having happened, the estate of Robert vests, under the will, in Ellen, his surviving sister. The defendant claims, that to make the limitation valid and effectual, the death, without issue, must occur during the testator's life-time, or, at least, before the period specified for a division, and that this not having happened, the estate of Robert became absolute and free from the contingent limitation. The solution of this controversy determines the title, and the consequent result of the action.

We do not attribute to the proceedings for partition the effect of an estoppel, since this is in accordance with the provisions of the will, and it must be consistent with itself. The partition separates into parts that which was before held in common as a whole, and no more disturbs the limitations affixed to the devised estates than would have been a devise of the several portions to the respective tenants by the testatrix herself. Indeed, the separate parts are, after the partition directed, as truly held under the contingent limitations, as were previously thereto the undivided estates of each in the entire three hundred acres. There was no estoppel, therefore, in executing the directions of the testatrix, and the recital of the devising clause in the petition shows such was the intent and understanding of the parties to the proceeding, and that it was not to supersede or disturb the conditions annexed to the devised estates of the tenants.

The only question then is, as to the time when the contingencies are to happen, if at all, so as to give effect to the ulterior limitations. In our opinion, the time contemplated by the testatrix is the *death of the respective* tenants without an heir, that is, without children, then living, and no earlier

period. The postponed division shows that it was not the intention of the testatrix to confine the contingency even to the period of her own life, for, in such case, there would be no partition to make; nor was it her purpose to restrict it to the time of making the division, which was but a severance of the estates, and left the relations between the devisees the same as before.

Taking the terms of the instrument as a guide to us in finding what the testatrix meant, and without superadding words that she does not use, it is to us manifest that the .estate should remain in each devisee until his or her death, and then go over to the survivor, if no children or child were left by the deceased.

The subject is so fully considered in the cases of *Galloway* v. *Carter, ante,* 111, and *Buchanan* v. *Buchanan,* 99 N. C., 308, decided at this term, that we deem it useless to protract the discussion. There is no error, and the judgment must be affirmed.

No error.                                Affirmed.