ALLEN, J., dissenting.
The case was submitted to the court below upon the pleadings and exhibits for its opinion and judgment as to whether the plaintiffs were seized in fee simple absolute of a one-third undivided interest in the lands in question, which undivided interest the plaintiff contracted, for the sum of $5,000, to sell and convey to the defendant, vesting in him a good and sufficient indefeasible title for said estate therein, with the usual covenants of warranty. A proper deed has been tendered to the defendant, and the plaintiffs have otherwise complied with the contract, on their part, provided their title is good, and this must be determined by a construction of the deed fully set out in the case, as follows: *Page 552 
This deed, made this 6 April, 1880, by and between Nancy S. Smith, widow of the late B.R. Smith, of the county of Mecklenburg and State of North Carolina, of the first part, Carrie E. Smith, wife of W. Mc. Smith, the said William Mc. Smith and W. H. Bailey, of the same county and State, of the second part, and Lillian A. Smith and W. Bernard Smith, children of the said W. Mc. Smith and Carrie E. Smith, and Anna B. Lee and B. Rush Lee, children of Junius M. and Elizabeth Jane Lee, and Elizabeth Jane Lee, of the third part: witnesseth, that the party of the first part, in consideration of the natural love and affection she has towards the parties of the second part and third part, and the sum of $1 by the said parties of the second part in hand paid (the receipt of which is hereby acknowledged), has given, granted, bargained, and sold, and by these presents does give, grant, bargain, sell, and convey unto the said Carrie E. Smith, for and during the life of her husband, the said W. Mc. Smith, and in the event she survives him, so long as she shall remain his widow, that portion of the tract of land, hereinafter described, which lies westerly of the track of the Charlotte, Columbia and Augusta Railroad, the (488) whole tract being situate in said county on the waters of Sugar Creek, adjoining the lands of Martin Icehouer, John Griffith, and others, and bounded as follows, to wit: (Here follows the description of the lands by metes and bounds), containing 430 acres, more or less. And after the death or second marriage of the said Carrie E. Smith (outliving her said husband), to the said Lillian A. and W. Bernard Smith and their heirs, with limitations hereinafter expressed. If that event shall happen in the lifetime of the said W. Mc. Smith, to him, the said W. Mc. Smith, in special trust, and for the only use, support, benefit, and behalf of the said Lillian A. Smith and W. Bernard Smith and such other children as shall have then been born to the said W. Mc. Smith by the said Carrie or any future wife, until the youngest child shall arrive at the age of 21 years; and upon the arrival of the youngest child aforesaid at 21 years of age, then to the use of the said Lillian A. Smith, W. Bernard Smith, and any other child or children that may be born to the said W. Mc. Smith by the said Carrie E. Smith or any future wife, and their heirs forever; and in the event of the death of any of said children without issue, his or her share shall vest in the survivor or survivors and their heirs; and in the event of the death of all of said children without issue in the lifetime of said W. Mc. Smith, then to W. H. Bailey and his heirs, in trust to receive and pay the profits thereof on the first day of January and August in each and every year to the said W. Mc. Smith for the support of him, the said W. Mc. Smith (being the son of the party of the first part), to an amount not exceeding the sum of $500 annually, the said trust being *Page 553 
intended to be created under and pursuant to section 11 of chapter 42 of Battle's Revisal, for and during the natural life of the said W. Mc. Smith, and after the death of all of the children of the said W. Mc. Smith as aforesaid without issue, and the death of the said W. Mc. Smith, to the said Anna B. Lee and B. Rush Lee and their heirs; and in the event of the death of either of the last named without issue, to the survivor and his or her heirs, as the case may be; and if both should die without issue after the vesting of the estate in them upon the contingencies as above contemplated, then to the said W. H. Bailey and his heirs, in trust for the sole and separate use of the said Elizabeth Jane Lee and her heirs, free from the control and without being in any way subject to the debts of her husband, Junius M. Lee: Provided, that the said Elizabeth Jane Lee shall not have the power to sell her said estate or the profits arising therefrom by anticipation or otherwise; andProvided, also, and it is hereby agreed and declared, that it shall and may be lawful to and for the party of the first part, at any time during her natural life, by any writing under her hand and seal, attested by two or more credible witnesses, or by her last will and testament in writing so attested as aforesaid, to alter, change, revoke, (489) annul, and make void the uses hereinbefore limited to the children of the said W. Mc. Smith, limited to vest after the death or second marriage of the said Carrie E. Smith, and to limit, appoint, and declare such use to take effect only from and after the death of the said W. Mc. Smith, and that for the interval between the death of the said Carrie E. Smith and the said W. Mc. Smith she may limit the estate to the said W. H. Bailey and his heirs, to hold in trust as to the profits for the said W. Mc. Smith in like manner and with like force and effect and subject to the same restrictions as hereinbefore contingently provided for upon the death of all of the children of the said W. Mc. Smith without issue in his lifetime; and Provided, also, and it is further hereby agreed and declared, that it shall and may be lawful for the party of the first part, in manner and form aforesaid, to alter, change, revoke, annul, and make void the uses and estates hereinbefore contingently limited, appointed, and declared to the said Elizabeth Jane Lee, Anna B. Lee, and B. Rush Lee, or any or either of them, and any other use in lieu and stead of such of these as she may revoke, to limit, appoint, and declare, as to her, the said party of the first part, shall seem meet, does hereby authorize and empower the said Carrie E. Smith to sell or mortgage the said realty in fee simple as both a power attached and appurtenant to her estate as well as by virtue of a power from the party of the first part as her attorney in fact under the power of revocation and new appointment herein inserted. *Page 554 
In witness whereof the parties to this deed have hereunto set their hands and seals the date above written.
 NANCY S. SMITH, [SEAL] CARRIE E. SMITH, [SEAL] W. M. SMITH, [SEAL] W. H. BAILEY, [SEAL] ELIZABETH JANE LEE, [SEAL] ANNA B. LEE, [SEAL] His B. RUSH X LEE. [SEAL] mark
In regular proceedings between the parties, the lands conveyed by the above deed were sold and the proceeds reinvested in the lands, which are the same described in the contract between the parties to this action, and the title of the grantors of said lands is admitted to be good. It is further admitted that Carrie E. Smith, wife of W. Mc. Smith, died 18 April, 1912, two weeks before the death of her husband, he not having remarried. They had four children, W. Bernard Smith, Lillian Smith, who intermarried with R. C. Springs (plaintiffs in this action), Julia E. Smith and Junius M. Smith. At the date of (490) the original deed from Mrs. Nancy S. Smith to B.R. Smith and others, Lillian Smith (now Springs) was 3 years old, and Julia E. Smith and Junius M. Smith were not then born, but the three children of W. Mc. Smith and Carrie E. Smith, Lillian, Julia E., and Junius M. Smith, have each for some time been over 21 years of age. The other child, W. Bernard Smith, died in infancy, during the lives of his parents, being without issue, as he was only 6 years old at the time of his death. Anna B. Lee died unmarried and without issue, leaving surviving her mother, Mrs. Elizabeth Jane Lee, a widow, and her brother, B. Rush Lee, who intermarried with Ella Wriston, and Mrs. Lee and B. Rush Lee and wife have conveyed their interests in said land to the plaintiffs, Mrs. Lee having had only two children, Anna B. Lee and B. Rush Lee. Nancy S. Smith has been dead for many years.
The contention of the plaintiffs is that the interests of the three surviving children of W. Mc. and Carrie E. Smith, viz., Lillian S. Springs, Julia E. Smith, and Junius M. Smith, vested absolutely in them when Junius, the youngest of them, arrived at full age, or when their father died in 1912, some time before this suit was brought, while the defendant contends that the legal effect of the limitations and restrictions in the deeds is to confine the estate of the plaintiffs to a defeasible fee, or one subject to be divested by the death of the plaintiff Lillian S. Springs without issue, and that the estate of the said plaintiff and the other tenants in common is dependent upon the principle of survivorship *Page 555 inter se, and, further, that the contingent estates following that of the plaintiff and her cotenants are "good, valid, outstanding and subsisting estates," and, therefore, the plaintiffs are unable to comply with their contract, as they cannot convey the estate described therein.
The court held with the plaintiffs, and judgment was entered accordingly, from which defendant appealed.
After stating the case: The general rule for the construction of a deed is not essentially different from that which governs in the interpretation of other instruments, which is, that we must seek for the intention, and, when discovered, it should be enforced if not inconsistent with the law. Rowland v. Rowland, 93 N.C. 214. Technical rules must generally yield if, in their application, they will disappoint or defeat the clearly expressed intention. Beacom v. Amos,161 N.C. 357; Lumber Co. v. Lumber Co., 169 N.C. 80; Shuford v.Brady, ibid., 224. It is true that the law favors the early vesting of estates, but this rule must not be allowed to defeat the intention of the grantor when clearly expressed. It is apparent from the contents of this deed that the grantor, Mrs. Nancy S. Smith, intended to (491) provide for Mrs. Carrie E. Smith, the wife of her son, W. Mc. Smith, for her life, and, therefore, conveyed a life estate in the land to her, with the provision that at her death it should go to her son, W. Mc. Smith, if her death occured [occurred] in his lifetime, to be held by him in trust for the only use, benefit, and support of their children, Lillian A. Smith and W. Bernard Smith, and such other children as shall have been born to them or to him and any future wife. This trust was to continue until the youngest of the children should be 21 years old, when the use passed to them and their heirs forever, freed from the trust, the share of any of said children without issue to vest in the survivor or survivors of them, and their heirs, and if all should die in the lifetime of W. Mc. Smith without issue, then over to W. H. Bailey, to be held by him upon the trusts declared in the deed. When the grantor provided that when the youngest child should attain to full age the use should go to the children named, the trust which was theretofore active became passive, and the use was executed by the statute, for there was nothing for the trustee to do except to hold the legal title, and this, by virtue of the statute, was transferred to the use. This vested the complete title, then, in fee, though not absolute, as the share of each child was subject to be divested and go over to the survivors or survivor upon his or her death without issue, finally vesting the sole estate absolutely *Page 556 
in the last survivor, if the others had died without issue. This limitation created successive survivorships in the children, depending upon the happening of the events, as to each of them, of dying without issue until the last in the succession is reached, in whom the estate will vest absolutely. The case, in this view of it and without reference to the other terms of the will, is brought directly within the principle thus stated in Harrell v. Hagan, 147 N.C. 111, and more recently approved in Smith v. Lumber Co., 155 N.C. 389: "The clause of the will here in question conveyed to the four daughters named an estate of remainder in fee, after the life estate of their mother, and determinable as to each holder's share on her dying without leaving a lawful heir. Sessomsv. Sessoms, 144 N.C. 121; Whitfield v. Garris, 134 N.C. 24. Under several of the more recent decisions of the Court the event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively, without leaving a lawful heir. Kornegay v.Morris, 122 N.C. 199; Williams v. Lewis, 100 N.C. 142; Buchananv. Buchanan, 99 N.C. 308. And by reason of the terms in which the contingency is expressed, `that if each or all of the girls die without leaving a lawful heir, then the land,' etc., and other indications which could be referred to, the estate does not become absolute in the (492) other daughters on the death of one of them without leaving such heir, but the determinable quality of each interest continues to affect such interest until the event occurs by which it is to be determined or the estate becomes absolute. Galloway v. Carter, 100 N.C. 112;Hilliard v. Kearney, 45 N.C. 221." The event of one or more of the children dying without issue has never occurred, except as to W. Bernard Smith, and the three surviving children, Lillian A. Smith, Julia E. Smith, and Junius M. Smith, all being more than 21 years old, Junius being the youngest, are seized of defeasible estates as tenants in common, with the right of survivorship as indicated. They are vested interests, but subject to be divested upon the happening of the contingency. Whitfield v. Garris,134 N.C. 24; Starnes v. Hill, 112 N.C. 1; Whitesides v. Cooper,115 N.C. 570; Bowen v. Hackney, 136 N.C. 190. It is said in Whitesides v.Cooper, supra, quoting from Gray on Perpetuities, 108: "The true test in limitations of this character is that if the conditional element is incorporated into the description of the gift to the remainderman (as it is in the case under consideration), then the remainder is contingent, but if after the words giving a vested interest a clause is added divesting it, the remainder is vested. Thus on a devise to A. for life, remainder to his children, but if any child die in the lifetime of A. his share to go to those who survive, the share of each child is said to be vested, subject to be divested by its death. But on a devise *Page 557 
(as in the present case) to A. for life, remainder to such of his children as survive him, the remainder is contingent."
The extended reference to this feature of the case will more fully appear hereafter.
By the terms of the deed, then, when the youngest child arrived at full age the estate in the land vested in the children, subject to be determined as to each if he or she died without issue at any time, and this succession of survivorships extended to the longest liver, and if he or she had died without issue during the life of W. Mc. Smith, the limitation to Mr. Bailey, the trustee named in the creation of the spendthrift trust, would have taken effect; but as all the children survived their father, W. Mc. Smith, the limitation over was defeated, and the estate remained in them, with its defeasible quality.
But it is contended by the counsel, Mr. Glasgow, who argued the case here for the plaintiff, and who certainly presented it with great force and learning, that the estate became absolute in the children either at the time the youngest was 21 years old or, at all events, at the death of W. Mc. Smith; but we think if it were so held it would be contrary to the clearly expressed intention of the donor and the terms of the deed. The contention is based upon several considerations, among them being that in doubtful cases any interest, whether vested or contingent, ought, if possible, to be construed as absolute (493) or indefeasible in the first instance rather than defeasible; but if it cannot be so construed, such a construction ought to be put upon the conditional expressions which render the estate defeasible as will confine their operation to as early a period as may be, so that it may become an absolute interest as soon as it can fairly be considered to be so, and that the law favors the free and uncontrolled use and enjoyment of property, with the power of alienation, while the defeasible quality of an interest tends to abridge both. We do not see at what period we could hold that the estate should become absolute in the children, if it is not indicated in the deed. It is very sure that at the maturity of the youngest child it was intended that the estate should "then" vest in them as tenants in common, subject to be defeated by the death of any without issue. When the youngest is of age, the limitation is then made to the children, designating two of them by name, and there is nothing to show an intention that they should then take absolutely, for the condition as to survivorship is attached to the estate in common then created, or which then vested in possession, freed from the trust. It was not intended that they should take absolutely at the death of W. Mc. Smith, if they survived him, as there are no words to indicate that the event of dying without issue should take place in his lifetime rather than at any time, or which authorize us to select the event of his *Page 558 
death as the one upon the happening of which the estate should vest absolutely and unconditionally in them. When the grantor comes to provide for the ulterior limitation, he fixes the death of all of them as the event upon which the estate should go over and vest in the trustee for the benefit of W. Mc. Smith; but that is all. If this event should not happen, it was her clear intention that, as among themselves, their estates should be defeasible and there should be successive survivorships. There is no provision for a division of the land. There is nothing to confine the defeasible quality of their estates to any single period, other than that of the death without issue of all the children save one. Hilliard v.Kearney, 45 N.C. 222.
It will be observed that in this deed the words are substantially employed which Chief Justice Pearson said would create a successive survivorship. If any of them shall die, his or her share shall vest in the "survivors or survivor."
The cases relied on by plaintiff are not in point. There is no term fixed for a division, as in Bank v. Johnson, 168 N.C. 304, as the estate is to remain in common until the final period of vesting absolutely has come. The ulterior limitation is gone, because the event has not happened upon which it was to take effect, and but one estate is left, it being the one given to the children, and they take according to the (494) terms of the gift, and not otherwise. A dying in the lifetime of their father is not mentioned, except as it refers to the death of all of them without issue, which has not occurred, and, therefore, the estate remains in them as it was originally created and subject to the condition which was annexed thereto. Williams v. Lewis,100 N.C. 142; Galloway v. Carter, ibid., 111.
It will appear from a perusal of this deed that the grantor was striving to keep the property within one line of devolution, so that those she favored, or the primary objects of her bounty, could have and enjoy it as long as permitted by the law, and for this purpose she created the estates of survivorship to the last one in the line, and even reserved a power of revocation for the purpose of better effectuating her intention, and she did revoke the power given to Carrie E. Smith, to sell or mortgage her estate. As she did not revoke the use in favor of the children, either by her will or by any other writing, the power of revocation has no effect upon the construction of the deed as to them. Witherington v. Herring,140 N.C. 495.
It was argued that our construction of the limitation would violate the rule against perpetuities, but we do not think so, for the rule, as its very language implies, refers solely to the vesting of estates, and does not concern itself with their possession or enjoyment, nor does it require that interest should end within specified limits. 30 Cyc., 1480, *Page 559 
1482; Baker v. Pender, 50 N.C. 351; Blake v. Page, 60 N.C. 252;Williams v. McCombs, 38 N.C. 450. The cases just cited were decisions upon executory devises; but conditional limitations, or shifting uses, are governed by the same reason. Smith v. Brisson, 90 N.C. 284, where Justice Ashe says: "At common law a fee simple could not be limited after a fee simple. There was no way known to that law by which a vested fee simple could be put an end to and another estate put in its place; and the reason is, because no freehold could pass without livery of seizin, which must operate immediately or not at all. But after the Statute of Uses, 27 Henry VIII, when the possession of the legal estate was transferred to the use, vesting the legal estate in thecestui que use in the same quality, manner, form, and condition that he held the use, and the courts of law assumed jurisdiction of uses, it was held that an estate created by a deed operating under the statute might be made to commence in futuro without any immediate transmutation of possession; as by a bargain and sale, or a covenant to stand seized to uses. `Cessante ratione cessat et lex.' And consequently it was held that, by such conveyances, inheritances might be made to shift from one to another upon a supervening contingency, which, to avoid perpetuities, was required to be such as must happen within a life or lives in being and the period of gestation and twenty-one years thereafter. Thence arose the doctrine of springing and shifting uses, or (495) conditional limitations. A springing use is one which arises from the seizin of the grantor, and where there is no estate going before it; but a conditional limitation, or shifting use, is always in derogation of a preceding estate. 2 Minor's Inst., 816. An example of this is where an estate is conveyed by bargain and sale or by covenant to stand seized to A. and his heirs, but if B. shall pay to A. $100 within thirty days, then to B. and his heirs. It was under this doctrine of a shifting use that it has been held, since very early after the statute of uses, that a fee simple may be limited after a fee simple, either by deed or will. If by deed, it is a conditional limitation; if by will, it is an executory devise. `And in both these cases a fee may be limited after a fee.' 2 Blk. Com., 235."
Our conclusion is that there was error in the ruling of the Superior Court. It may be, though we give no opinion in regard to it, that by reciprocal conveyances or mutual releases, as between the three children, the title can be perfected in each of them as to his or her third interest,Beacom v. Amos, supra, 161 N.C. 357; Snyder v. Grandstaff, 96 Vo., 473; but that is a matter which the parties will consider and act upon as they may be advised.
Reversed.
ALLEN, J., dissenting. *Page 560 
 Cited: Lee v. Oates, 171 N.C. 726 (4c); Smith v. Witter, 174 N.C. 617,618 S. c.; Whitfield v. Douglas, 175 N.C. 49 (3c); Kirkman v. Smith,175 N.C. 582 (3c); Willis v. Trust Co., 183 N.C. 269 (1c); Robertson v.Robertson, 190 N.C. 562 (3c); Boyd v. Campbell, 192 N.C. 401 (1c); Lee v.Barefoot, 196 N.C. 114 (1c, 2c); Bank v. Sternberger, 207 N.C. 819 (4c);Fisher v. Fisher, 218 N.C. 48 (4c); Whitley v. Arenson, 219 N.C. 121 (1j);Springs v. Hopkins, 228 N.C. 463 (6c); Mercer v. Mercer, 230 N.C. 103 (6c);Ellis v. Barnes, 231 N.C. 545 (1c).