BETTIE WHITFIELD ET AL. v. W. B. DOUGLAS, AGENT, ET AL.

(Filed 22 December, 1917.)

1. **Wills—Interpretation—Intent—Vesting of Estates.**

Subject to the provision that the intent and purpose of the testator, as expressed in his will, shall always prevail except when the same is in violation of law, the rule is that when the will is sufficiently ambiguous to permit of construction, the Courts will lean to that interpretation which favors the early vesting of estates, and that the first taker of an estate by will is ordinarily to be considered as the primary object of the testator's bounty.

2. **Same—Contingent Remainders.**

Upon a devise of lands to one with a limitation over on the death of the first taker without issue, these words will be given their natural meaning and effect the estate with the contingency until such death without issue, unless it appears from the terms of the will that an earlier time was intended when the estate of the first taker should become absolute.

3. **Same—"Children Then Living."**

A devise of lands to testator's children "to have and to hold to them and their heirs in fee simple forever," but upon condition that "no part of said property is to be disposed of until my youngest child then living shall arrive at the age of 21 and until after the death of my husband," with provision for a home for the husband; that when the youngest child shall become 21 and upon the death of the husband, all of the testator's estate be equally divided between the testator's named children, "share and share alike; and should either of them die without issue, then their share shall be equally divided between my other children then living, or should

either or any of them die leaving issue, then shall such distributive share go to such issue left": *Held*, construing the will to ascertain the intent, the devise became absolute at the time designated for the division, the expression "then living" referring to that of the arrival of the youngest child of age and the death of the husband.

CIVIL ACTION, heard on case agreed before *Stacy, J.,* holding courts of the Sixth Judicial District in November, 1917, from LENOIR.

On the hearing it appeared that prior to September, 1896, Bettie G. Whitfield died leaving a last will and testament, which has been duly admitted to probate, and the portion of said will material and relevant to this controversy is as follows:

"I give and devise to my children, William Cobb Whitfield, Annie W. Outlaw, Sallie E. Whitfield, Bettie Whitfield, James Richard Whitfield, Harriet Lucy Whitfield, all my real estate, to have and to hold to them and their heirs in fee simple forever, and all my personal property to them and their assigns forever, upon the conditions as follows: No part of said property is to be disposed of until my youngest child then living shall arrive at the age of 21 years and until after the death of my husband, Nathan B. Whitfield. The dwelling-house I now occupy, or such other house as may be hereafter built, shall be a home for my husband during his life; that the annual rents, profits and incomes derived from my plantation shall be devoted to the support and education of my children, to the necessary repairs of the houses and plantations, and the surplus, if any, of such rents and profits shall be used in such manner as my executor hereinafter named may deem best, without being required to give any account of the same. When my youngest child then living, and after the death of my husband, shall arrive at the age of 21 years, it is my will and desire that all my real and personal estate be equally divided between my above-named children, share and share alike; and should either or any of them die without issue, then their share shall be equally divided between my other children then living; or should either or any of them die leaving issue, then shall such distributive share go to such issue left."

The will then appoints the husband executor, to serve without bond, etc. That the husband, executor, has died and all the children mentioned in the disposing clause of the will having become 21 years of age, partition of the real estate, the subject of the devise, was had among the said children, devisees and heirs at law, the present plaintiffs, Bettie and Hattie Whitfield, being awarded their share of the property; that in November, 1917, these plaintiffs entered into a contract with defendant, making disposition of their said property for valuable consideration and requiring that a good title be conveyed; that defendants, averring their readiness and ability to comply with the terms of the con-

tract on their part, allege that plaintiffs are not entitled to relief for the reason that they cannot make a good title to the property as they have contracted to do.

His Honor, being of opinion that, on the facts presented, the title offered was a good one, gave judgment that the contract be enforced according to its terms, and defendants excepted and appealed.

*Rouse & Rouse for plaintiffs.*
*Julius Brown for interveners, N. W. Outlaw and Bettie Cobb Outlaw.*

HOKE, J. "Subject to the position that the intent and purpose of the testator as expressed in his will shall always prevail, except when the same is in violation of law, it is a recognized rule with us, when the will is sufficiently ambiguous to permit of construction, the Courts should lean to that interpretation which favors the early vesting of estates, and that the first taker of an estate by will is ordinarily to be considered as the primary object of the testator's bounty." *Citizens Bank v. Murray,* at the present term; *Bank v. Johnston,* 168 N. C., 304; *Dunn v. Hines,* 164 N. C., 113.

Our recent decisions further hold that when an estate by will is left to one with a limitation over on the death of the first taker without issue, these words will be given their natural meaning and effect the estate with the contingency until "such death without issue," unless it appears from the terms of the will that an earlier period was intended. when the estate of the first taker should become absolute. *Bizzell v. B. & L. Assn.,* 173 N. C., 158; *Rees v. Williams,* 165 N. C., 201; *S. c.,* 164 N. C., 128; *Smith v. Lumber Co.,* 155 N. C., 389; *Elkins v. Seigler,* 154 N. C., 374; *Perrett v. Bird,* 152 N. C., 220; *Harrell v. Hagan,* 147 N. C., 111; *Whilfield v. Gorris,* 134 N. C., 24; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308.

Considering the present devise in view of these principles, we are of opinion that, by the terms of the will, the testatrix intended an earlier period for estate of the first takers to become absolute, to wit, at the period of division had on the death of her husband and the coming of age of her youngest child. She begins the limitations in question with the very significant statement that "No part of my property is to be *disposed of* until my youngest child shall arrive at the age of 21 and until after the death of my husband and executor." Then after directing that the property shall be kept together under the management and control of her husband and until the coming of age of her youngest child, the will provides for a division among her children, share and share alike; and if any of them die without issue, then their share shall be equally divided between my other children then living, etc. It thus

appears that the testatrix desired that the share of a child dying without issue shall be "divided"; and when construed in connection with the former portion of the will, that none of the property be disposed of till the death of her husband and the coming of age of the youngest child, and in reference to the position that the law favors the early vesting of estates, we think it clear that it was the mind and purpose of the testatrix that the devise should become absolute at the time of division had; and the clause that "the share of a child dying without issue shall be divided among my issue then living," the expression "then living" refers to the period of division, and not otherwise. Several recent and well-considered decisions of the Court are in support of this interpretation. *Bank v. Johnston, supra; Dunn v. Hines, supra; Price v. Johnson,* 90 N. C., 593, and many others could be cited.

The case of *Williams v. Lewis, supra,* cited for appellants, is not in necessary conflict with this position. In that case it was held that there being nothing in the terms of the will to indicate that an earlier period was intended, except the mere fact that a partition was provided for, the limitation over on the death of the first taker should be construed according to the natural import of the words used and effect the estate with the contingency until the time designated. A similar decision, and for a like reason, was rendered by this Court in the recent case of *Springs v. Hopkins,* 171 N. C., 486. In the case before us, however, there being additional terms in the will indicating that the estate should become absolute at the time of division had, we concur in his Honor's view that the title offered is a good one and has been correctly adjudged that defendants must comply with their contract.

Affirmed.